## No. 27284

**Paul Wilson Brown v. District Court in and for the City and County of Denver and John Brooks, Jr., District Court Judge**

(557 P.2d 384)

Decided November 8, 1976.

John W. McKendree, Clay R. Smith, for petitioner.

Bruce A. Matas, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This an original proceeding under C.A.R. 21, in which petitioner seeks relief in the nature of prohibition from an order of the Denver District Court. We issued our rule to show cause, which we now make absolute.

On March 4, 1975, the Circuit Court of St. Louis County, Missouri, dissolved the marriage of petitioner Paul Wilson Brown and Joyce Lee Brown (now MacMaster). Custody of the three children of this marriage was given to their mother, with petitioner receiving visitation rights and temporary custody at stated times each year.

The mother and the children moved to Colorado on July 21, 1975, where she later remarried. By order of the St. Louis County Circuit Court, entered September 4, 1975, the mother retained custody of the children, again subject to petitioner's visitation and temporary custodial rights.

On September 24, 1975, the mother filed an "Action on Foreign Judgment Re Custody" in the Denver District Court under section 14-11-101, C.R.S. 1973, accompanied by a motion to temporarily terminate petitioner's visitation rights. The court denied this motion, citing insufficient information to determine whether it had jurisdiction over the parties, but permitted the mother to reopen the matter upon notice to petitioner.

Petitioner moved to dismiss the action on March 25, 1976, alleging *inter alia* lack of subject matter jurisdiction. Petitioner's motion to dismiss was set for hearing on June 30, 1976. In the meantime, the mother amended her motion to terminate petitioner's visitation rights. Hearing on this motion was set for December 8, 1976.

On June 30, at the hearing of petitioner's motion to dismiss, counsel for the mother, without prior notice, moved that petitioner's visitation rights be suspended and that an investigation into petitioner's home life be conducted. The district court denied petitioner's motion to dismiss and, over objection, granted the oral motion to suspend his visitation rights and ordered an investigation of his home life.

Petitioner contends that the district court lacked jurisdiction to make this order and failed to afford petitioner reasonable notice and hearing on the matter.

■ The Uniform Child Custody Jurisdiction Act, article 13 of title 14, C.R.S. 1973, governs this case. The act must be read in light of its stated purposes, section 14-13-102, and its underlying policy.

"* * * to prevent the desperate shifting from state to state of thousands of innocent children by interested parties seeking to gain custody rights in

one state even though denied those rights by the decree of another state.* * *"
*Fry v. Ball*, 190 Colo. 128, 544 P.2d 402; *Wheeler v. Dist Ct.*, 186 Colo. 218, 526 P.2d 658.

In accord with this policy, the act mandates the recognition of out-of-state custody decrees, section 14-13-114, and encourages the continuing jurisdiction of the court which entered the original custody decree. Section 14-13-115 provides:
"(1) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this article or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction."
We must determine, therefore, whether the St. Louis County Circuit Court, which entered the original custody decree, either lacks jurisdiction or has declined to assume jurisdiction to modify its decree.

 There is no suggestion that the Missouri court has ever declined to assume jurisdiction in this matter. As to its continuing jurisdiction, we look to Missouri law. *Fry v. Ball, supra.* V.A.M.S. § 452.400 (Supp. 1976), provides in part:
"2. The court may modify an order granting or denying visitation rights whenever modification would serve the best interest of the child * * *."
*See* V.A.M.S. § 452.410 (Supp. 1976), concerning modifications of custody decrees. Under Missouri case law, the trial court has continuing jurisdiction over the children of divorced parents. *Glaves v. Glaves*, 523 S.W.2d 169 (Mo. Ct. App. 1975); *C_____ v. B_____*, 358 S.W.2d 454 (Mo. Ct. App. 1962). Missouri's continuing jurisdiction clearly satisfies "jurisdictional prerequisites substantially in accordance with this article * * *" as required by section 14-13-115(1).

Under section 14-13-115, the Denver District Court, in the facts of this case, had no authority to modify the Missouri custody decree, *Fry v. Ball, supra; In Re Custody of Thomas*, 36 Colo. App. 96, 537 P.2d 1095; *In Re Custody of Glass*, 36 Colo. App. 91, 537 P.2d 1092, and relief in the nature of prohibition is appropriate. C.A.R. 21(a); *Fitzgerald v. Dist. Ct.*, 177 Colo. 29, 493 P.2d 27.

The rule is made absolute.