## No. 28309

**Francis Marc Kraft v. District Court in and for the City and County of Denver and Alvin D. Lichtenstein, District Court Judge**

(593 P.2d 321)

Decided January 15, 1979.

Gary B. Harbaugh, for petitioner.

Richard A. Anderson, for respondent.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The petitioner, Francis Kraft, father of the minor child, Christopher Kraft, instituted this original proceeding in the nature of prohibition to restrain the respondent district court from exercising jurisdiction under the Uniform Child Custody Jurisdiction Act. Section 14-13-101, *et seq.,* C.R.S. 1973. A rule to show cause was issued and we now make the rule absolute.

On February 8, 1978, the District Court of Perkins County, Nebraska, ordered the marriage of the petitioner and Cindy Rae Kraft dissolved and awarded custody of Christopher Kraft, ten months old, to the petitioner. The court determined that the Krafts had continuously resided together in Perkins County, Nebraska, from April 3, 1976, until the end of August, 1977. The court found at the time the Petition for Dissolution of Marriage was filed, both spouses were residents of and domiciled in Nebraska.

At the end of August, 1977, Ms. Kraft temporarily moved, with Christopher, to Denver, Colorado. On October 4, 1977, she was served in Denver with a copy of the Nebraska petition for dissolution and a summons. On October 11, 1977, she returned to Nebraska with the child and they remained there until November 8, 1977. On the latter date she moved to Denver permanently again taking the child. Ms. Kraft did not participate in the Nebraska divorce proceeding nor was she represented by counsel. Mr. Kraft has maintained his Nebraska residence.

Ms. Kraft, although notified of the Nebraska decree granting Mr. Kraft custody of the child, has refused to return the child to him. On April 24, 1978, Mr. Kraft filed a petition in the Denver District Court asking that court to recognize and enforce the Nebraska custody decree. Ms. Kraft filed an answer, a motion for custody and child support, and a motion for temporary custody, child support, maintenance, and attorney's fees. The petitioner, pursuant to C.R.C.P. 12, filed a motion for judgment on the pleadings.

At the motion hearing, the respondent court found that it had jurisdiction to determine custody of the child and ordered a custody investigation by the Department of Social Services.

■ We hold that the respondent district court, in assuming jurisdiction to determine custody of the child, acted beyond its authority under the Uniform Child Custody Jurisdiction Act. Section 14-13-101, *et seq.,* C.R.S. 1973.

Sections 14-13-114 and 115, C.R.S. 1973, of the Uniform Child Custody Jurisdiction Act (the Act), govern this case. These provisions attempt to guarantee reasonable security and continuity of environment to children by discouraging their unilateral removal from one state to another to avoid obeying custodial orders. Section 14-13-102, C.R.S. 1973; *Woodhouse v. District Court,* 196 Colo. 558, 587 P.2d 1199 (1978); *Fry v. Ball,* 190 Colo. 128, 544 P.2d 402 (1975); Uniform Laws Annotated, Uniform Child Custody Jurisdiction Act § 13, *Commissioner's Note.*

■ In order to "eliminate jurisdictional fishing with children as bait,"[1] section 14-13-114 provides that, as a general rule, a sister state's

---

[1] *Wheeler v. District Court,* 186 Colo. 218, 220, 526 P.2d 658, 660, (1974).

custody decree must be enforced in Colorado if the state which rendered that decree had jurisdiction at the time it was entered. Although Nebraska has not adopted the Act, the Nebraska district court which entered the custody decree assumed jurisdiction "under factual circumstances meeting the jurisdictional standards" of the Act. Section 14-13-114, C.R.S. 1973, Nebraska had been the child's home state within six months before commencement of the custody proceeding, the child was absent from Nebraska because of his removal by his mother, and his father continued to live in Nebraska. Section 14-13-104(1)(a), C.R.S. 1973. Furthermore, although Ms. Kraft did not participate in the Nebraska proceeding, she was duly notified of it and had ample opportunity to appear. Accordingly, Colorado must recognize and enforce the Nebraska decree granting Mr. Kraft custody of Christopher.

■ Moreover, under section 14-13-115, the Denver District Court has no authority to modify the Nebraska custody decree. To enhance stability of custody arrangements and to minimize forum shopping, the Act limits jurisdiction to modify a custody decree to the state which issued the original decree. Section 14-13-102, C.R.S. 1973; *Fry v. Ball, supra;* Uniform Laws Annotated, Uniform Child Custody Jurisdiction Act § 14, *Commissioner's Note.* Thus section 14-13-115 states that, absent exceptional circumstances not present here,[2] a Colorado court must refrain from modifying another state's custody decree if that state has continuing jurisdiction over the custody matter at the time the action to modify is instituted in Colorado.

We look to Nebraska law to determine whether Nebraska has continuing jurisdiction over this custody matter. *Brown v. District Court,* 192 Colo. 93, 557 P.2d 384 (1976); *Fry v. Ball, supra.* Neb. Rev. Stat. § 42-364 (1976 Supp.) provides:

"When dissolution of a marriage or legal separation is decreed, the court may include such orders in relation to any minor children and their maintenance as shall be justified, including placing the minor children in court custody if their welfare so requires. Custody and visitation of minor children shall be determined on the basis of their interests. *Subsequent changes may be made by the court when required after notice and hearing.*" (Emphasis added.)

Nebraska case law also supports the continuing jurisdiction of the trial court in the custody matter. *Conger v. Conger,* 194 Neb. 771, 235 N.W.2d 634 (1975); *Carper v. Rokus,* 194 Neb. 113, 230 N.W.2d 468 (1975). Nebraska's continuing jurisdiction satisfies the "jurisdictional

---

[2] *See, e.g.,* section 14-13-104, C.R.S. 1973; *Wilson v. Wilson,* 172 Colo. 566, 474 P.2d 789 (1970); *Brouwer v. District Court,* 169 Colo. 303, 455 P.2d 207 (1969).

"prerequisites" of the Act as required by section 14-13-115(1). *See Brown v. District Court, supra.*

Because the respondent district court must recognize and enforce the Nebraska decree and has no jurisdiction to modify it, relief in the nature or prohibition is appropriate. C.A.R. 21(a); *Brown v. District Court, supra.*

The rule to show cause is therefore made absolute.

MR. JUSTICE PRINGLE does not participate.