637 P.2d 362 (1981)
In re the Petition of Louise E. EDILSON, Petitioner-Appellant, and
Robert Edilson, Respondent-Appellee, and Concerning the Child Michael Edward Edilson.
No. 80SA462.
Supreme Court of Colorado, En Banc.
November 30, 1981.
*363 Linda T. Raczek, Colorado Rural Legal Services, Inc., Montrose, for petitioner-appellant.
No appearance for respondent-appellee.
ROVIRA, Justice.
Louise E. Edilson (appellant) and Robert Edilson (appellee) were married in 1972. A son, Michael, was born in April 1976, and the parties resided in California until June *364 1979. At that time, the Edilsons separated, and shortly thereafter, in July 1979, Louise left California with Michael and settled in Montrose, Colorado.
In May 1980, Louise Edilson filed a verified Petition for Custody of Child, a Motion for Temporary Custody and Restraining Order, and a Memorandum Brief in the District Court in and for the County of Montrose.
In her petition, filed pursuant to the Uniform Child Custody Jurisdiction Act (Act), section 14-13-101 et seq., C.R.S.1973, she alleged that: (1) she was a fit and proper person to have custody of Michael and it was in the child's best interest to have custody awarded to her; (2) she had not participated in any other litigation concerning custody of Michael but that on April 18, 1980, she had received in the mail an Interlocutory Judgment of Dissolution of Marriage, filed in the Superior Court for the County of Los Angeles, California, on March 4, 1980, awarding custody of Michael to Robert Edilson; (3) the California court did not have jurisdiction over her since she had not been served with process or received notice of the divorce proceedings; (4) the State of Colorado was the home state of the child since he had resided in Montrose, Colorado, with her for ten months.
Attached to her petition was a copy of the Interlocutory Judgment of Dissolution of Marriage issued by the Superior Court for the County of Los Angeles which reflected that the California court acquired jurisdiction of Louise Edilson on August 27, 1979, by service of process. The Interlocutory Judgment also provided that jurisdiction was reserved "to make such other and further orders as may be necessary to carry out the provisions of this judgment."
The trial court, upon review of the pleadings and brief in support thereof, entered its order on June 5, 1980, declining jurisdiction. It noted that the Interlocutory Judgment indicated that the California court obtained jurisdiction on August 27, 1979, and retained jurisdiction for final judgment and further orders. Further, the trial court determined that exercising jurisdiction in Colorado would be contrary to the intent of the Act, section 14-13-102, C.R.S.1973, and contrary to section 14-13-107, C.R.S.1973. The court was of the opinion that it must give full faith and credit to the California judgment and that the proper place to contest the jurisdictional issue was in the California court. Thus, it declined jurisdiction and dismissed the case.
Mrs. Edilson filed a notice of appeal and docketed the appeal in the Colorado Court of Appeals. We assumed jurisdiction pursuant to sections 13-4-102(1)(b) and 13-4-110(1)(a), C.R.S.1973.
She argues that the trial court: (1) erred in declining jurisdiction pursuant to the full faith and credit doctrine; (2) abused its discretion in refusing to take jurisdiction over the custody matter; and (3) erred in failing to contact the California court pursuant to sections 14-13-107 and 108, C.R.S. 1973. We disagree.

I.
In support of her argument that the California Interlocutory Judgment was not entitled to full faith and credit, U.S.Const. art. IV, § 1, she has attached to her brief documents obtained from the California court which were not offered to, or considered by, the trial court.[1] Based on these documents, particularly the order for publication of summons, she argues that the court did not have to give full faith and credit to the California decree awarding custody to Robert Edilson because there was no personal jurisdiction over her.
Evidence which was not presented to the trial court will not be considered on review. Colorado & Southern Ry. Co. v. King, 51 Colo. 181, 116 P. 142 (1911). See also C.A.R. 10; Laessig v. May D & F, 157 Colo. 260, 402 P.2d 183 (1965) (the appellate court must look solely to the record to determine *365 whether the trial court erred). Therefore, we will not consider the documents referred to in footnote 1.
Based upon the Interlocutory Judgment, the trial court could properly conclude that the California court had acquired jurisdiction over Louise Edilson and its judgment was entitled to be recognized and enforced in Colorado. Section 14-13-114, C.R.S.1973;[2]Brown v. District Court, 192 Colo. 93, 557 P.2d 384 (1976).
Louise Edilson contends that the trial court abused its discretion in declining to take jurisdiction. We disagree. The Act provides in pertinent part:
"A court of this state shall not exercise its jurisdiction under this article if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this article, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons." Section 14-13-107(1), C.R.S.1973 (emphasis added).
The dissolution of marriage proceeding in California was pending in May 1980 when she filed her petition for custody. While it is true that the Act authorizes a court of this state to make an initial or modification custody decree if this state is the home state of the child at the time a petition for child custody is commenced (section 14-13-104(1)(a)), it is also true that where two states could exercise jurisdiction, the Act established the rule that exclusive jurisdiction is conferred on the court in which the matter is first raised. Lopez v. District Court, Colo., 606 P.2d 853 (1980). See Fry v. Ball, 190 Colo. 128, 544 P.2d 402 (1975).[3]
The issue of custody was first raised in the California court. That court concluded that it had jurisdiction of Louise Edilson and the authority to enter an order concerning the custody of Michael. Based upon the record properly before us, we find no reason to conclude that the determination by the trial court that the California court had acquired jurisdiction was erroneous. See section 14-13-115, C.R.S.1973.
She also contends that the trial court erred in failing to contact the California court pursuant to sections 14-13-107 and 108, C.R.S.1973.
Section 107 refers to simultaneous proceedings in other states and precludes a court of this state from exercising jurisdiction if a proceeding concerning the custody of a child was pending in another state unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum. It further provides that if a court of this state is informed of another proceeding concerning custody, before the court assumes jurisdiction, it shall stay the proceeding and communicate with the court in which the other proceeding is pending so that the issue may be litigated in the more appropriate forum.
Under the circumstances of this case, we do not view section 107 as mandating the trial court to communicate with the California court before entering its order declining jurisdiction.
The requirement for communication with the other court would be appropriate if the trial court was unsure of whether to accept jurisdiction and was seeking information *366 as to the most appropriate forum. The California decree was issued only two months before the present proceeding was commenced. The trial court was not uncertain as to the more appropriate forum for resolution of the issues, and communication with the California court was not required.
Mrs. Edilson's arguments concerning section 14-13-108, C.R.S.1973, are without merit. This section deals with inconvenient forum and sets out the factors which a trial court should consider in determining whether the courts of this state or of another state are more appropriate for the resolution of custody disputes. The provisions of this section are discretionary, and their application is best left to the judgment of the trial court.
We affirm the judgment of dismissal.
NOTES
[1] These documents were certified copies of the Petition for Dissolution of Marriage, Application for Order of Publication of Summons, and Order for Publication of Summons In re the Marriage of Robert Edilson and Louise E. Edilson.
[2] Section 14-13-114, C.R.S.1973, provides:

"Recognition of out-of-state custody decrees. The courts of this state shall recognize and enforce an initial or modification decree of a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with this article or which was made under factual circumstances meeting the jurisdictional standards of the article, so long as this decree has not been modified in accordance with jurisdictional standards substantially similar to those of this article."
[3] A basic policy of the Act is that only the courts of one state should have responsibility for the custody of a child in order to discourage continuing controversies and forum shopping. Bodenheimer, The Uniform Child Custody Jurisdiction Act: A Legislative Remedy for Children Caught in the Conflict of Laws, 22 Vand.L. Rev. 1207 (1969).