423 So.2d 452 (1982)
Martin Douglas STARKS, Appellant,
v.
Linda Elizabeth STARKS, Appellee.
No. AF-25.
District Court of Appeal of Florida, First District.
December 6, 1982.
Rehearing Denied January 6, 1983.
Wayne E. Flowers of Persons, Flowers & Westling, Jacksonville, for appellant.
J. Nicholas Alexander, Jr., Jacksonville, for appellee.
ERVIN, Judge.
Appellant challenges the lower court's order refusing to honor a prior child custody award by a Texas court. As there is no transcript of the hearing at which the lower court determined not to be bound, we follow Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979), and affirm. So too, we affirm the lower court's imposition of conditions on appellant's right to visit his minor children. We consider, however, that our affirmance, for the unique reasons stated, requires explanation.
The limited record before us reveals that the parties were married in Florida and moved to Texas. After residing there for no less than one year with her children, the wife and the children returned to Florida without the husband. Immediately thereafter, the husband sought in Texas a dissolution of the parties' marriage and an order granting him custody of the minor children. The wife decided not to attend the Texas hearing, where the court ruled that it had jurisdiction, granted the dissolution, and awarded custody of the children to the husband.
Since the wife had ignored the Texas decree, the husband petitioned the trial court in Florida to enter a judgment honoring the Texas dissolution decree and custody award. The wife responded, asserting that the Texas court did not have jurisdiction to award custody of the minor children to the husband, and further requested the court to order that she be provided custody of the children and that the husband be directed to provide support for her maintenance of them. Although the record is *453 unclear, the husband apparently countered by moving to dismiss the wife's petition. After a hearing, the lower court, although establishing the Texas dissolution decree, determined it was not bound by the Texas custody award. Moreover, in denying the husband's motion to dismiss the wife's petition for support and custody, the lower court scheduled a second hearing for the purpose of determining which party should have custody of the minor children. After the second hearing, the lower court entered a final judgment awarding custody of the children to the wife. The husband now appeals the lower court's refusal to honor the Texas court's custody award as inconsistent with the "Uniform Child Custody Jurisdiction Act." § 61.1302 et seq., Fla. Stat. (1979).
The parties have not favored us with a full and complete record. Although we have been furnished a transcript of the second hearing, we do not have a transcript of the first hearing. The missing transcript is crucial to a complete review of this case, because it was at this hearing the lower court determined that it was not bound by the Texas custody decree. Consequently, we have no way of knowing why the lower court reasoned it was not bound by the Texas decree, much less what facts were presented to it by which it could arrive at the decision rendered. This is unfortunate, because the appellant's uncontroverted statement of the facts in his brief suggests that the lower court may have erred by incorrectly applying the "Uniform Child Custody Jurisdiction Act." Compare Kraft v. District Court of Denver, 197 Colo. 10, 593 P.2d 321 (1979).
Florida Rule of Appellate Procedure 9.200(e) places upon the appellant the burden of preparing and transmitting the record to this court for review. Florida Rule of Appellate Procedure 9.200(f)(2) also requires an appellate court to allow the appellant an opportunity to supplement an incomplete record before deciding the case based on the insufficiency of the record. Kauffmann v. Baker, 392 So.2d 13, 15 (Fla. 4th DCA 1980). On our own motion, we ordered the appellant to supplement the record with the transcript of the first hearing. Our order further advised that in the absence of a transcript, Rule 9.200(b)(3) permits the appellant to prepare a statement of the evidence or proceedings from the best means available, including memory, and that if the appellant elected to prepare a statement of the evidence or proceedings, it was the appellee's duty to cooperate by either approving the statement, registering objections to the statement or proposing amendments (if any). Kuenstler v. Andreasen, 386 So.2d 896 (Fla. 1st DCA 1980).
The appellant has filed a stipulated statement signed by counsel for both parties which reveals, among other things, that there is no transcript from the initial hearing, because no court reporter was present. Unfortunately, the stipulated statement is deficient because it recites very little of the parties' argument to the lower court. Also, the statement does not include any rulings, determinations, or any explanations for the rulings made by the court at the hearing. As a result, we have no way of ascertaining whether or not the lower court made any determinations during the first hearing, since the stipulated statement contains no information on this point. Its single greatest deficiency is its failure to recite the facts presented to the lower court. We cannot, therefore, regard the stipulated statement as a sufficient substitute for the lack of a hearing transcript.
Having no way of discovering the factual context of this case as presented to the lower court, we must presume that the lower court did not err. Cf. Applegate, at 1152. A similar situation was confronted by the Florida Supreme Court in Applegate v. Barnett Bank of Tallahassee, wherein the court was confronted with a case in which there was no transcript of the hearing before the trial court. The court stated:
Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing *454 the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error.
Id. at 1152 (e.s.).
Similarly in the case at bar, without a transcript of the first hearing or a suitable stipulated statement of the evidence that could act as a substitute for its non-inclusion in the record, we are unable to ascertain with certainty whether the lower court erred. As recently noted:
The appellant retains the burden of overcoming the presumption of correctness attributed to a trial court's final judgment. Appellant's burden includes a demonstration of error from the record, which he must supply. Litigants who proceed ... without a court reporter take a calculated risk. If the facts are determined adversely they may well be unable to demonstrate error on appeal due to the absence of a record.
Kauffmann, at 15 (emphasis in original).
AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.