Brian McCARRON, Petitioner,

v.

The DISTRICT COURT In and For the COUNTY OF JEFFERSON, FIRST JUDICIAL DISTRICT, and the Honorable Joseph P. Lewis, Respondent.

No. 83SA241.

Supreme Court of Colorado,
En Banc.

Nov. 7, 1983.

G. Nicholas Pijoan Conifer, for petitioner.

Joseph P. Lewis, pro se.

NEIGHBORS, Justice.

This is an original proceeding under C.A.R. 21 in which the petitioner seeks a writ of mandamus compelling the District Court for Jefferson County to exercise jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act (U.C.C.J.A.), sections 14–13–101 to –126, C.R.S. 1973. The district court ruled that it did not have jurisdiction because the Oklahoma courts retained full jurisdiction. We issued a rule to show cause why the district court should not exercise jurisdiction. We now make the rule absolute.

## I.

The petitioner, Brian McCarron (father), and Gail J. Brisco (mother) were married in 1974 in New Jersey. On July 1, 1976, a divorce decree was granted upon the mother's petition by the Oklahoma district court and she was awarded custody of their child, Jesse James McCarron. The father was served by publication in the divorce proceeding. The father and mother later informally agreed that the father would have summer visitation with the child.

On June 1, 1981, the father moved to Colorado which has been his state of residence and domicile since that time. On February 18, 1982, the child broke his leg in a skiing accident while he was in Colorado visiting his father. The mother and father

agreed that the child should be enrolled in the West Jefferson Elementary School located in Conifer, Colorado. On March 19, 1982, the child was sent to Oklahoma for a one-week visit with his mother who refused to return him to Colorado as the parties had agreed.

In August of 1982, the child came to Colorado to visit with his father. The mother and father again agreed that the child should remain in Colorado and attend the elementary school at Conifer. In December of 1982, the parties signed a written stipulation in which they agreed that the child would remain in the temporary custody of his father for the 1982–1983 school year and would attend the West Jefferson Elementary School. The stipulation provided that the mother was to have visitation rights with the child during the Christmas vacation. The stipulation also stated: "The parties desire that this stipulation be made an order of this court." The stipulation was filed in the Oklahoma district court but not acted upon by the judge.

On May 9, 1983, the mother, who had moved to Texas in February or March of 1983, removed the child from the school in Conifer without the knowledge or consent of the father. The mother apparently took the child to Texas.

Shortly thereafter, the father filed a petition for a writ of habeas corpus and a verified petition for custody pursuant to sections 14–13–101 to –126, C.R.S.1973. The petitions were filed in the Jefferson County district court which ordered that the writ of habeas corpus issue on May 18, 1983, and set the matter for hearing on June 13, 1983. The writ was personally served on the mother in Fort Worth, Texas on May 24, 1983.

On May 27, 1983, a judge of the district court in Oklahoma telephoned the respondent judge to discuss the writ and the question of jurisdiction over the child custody issue. The Oklahoma judge stated that he would retain jurisdiction on the issues of custody, support, and visitation. The respondent judge agreed that the "Oklahoma court should retain full jurisdiction over the

divorce and all matters, including custody of the minor child." Thereupon, the respondent judge dismissed the writ of habeas corpus on June 1, 1983.

## II.

■ There are two separate and distinct inquiries which should be made in determining whether a Colorado district court should hear a child custody case filed under the U.C.C.J.A. The first is whether jurisdiction exists in this state, and the second is whether this state should exercise its jurisdiction. *Johnson v. District Court*, 654 P.2d 827 (Colo.1982).

■ The district court clearly has jurisdiction under the U.C.C.J.A. to hear this case pursuant to sections 14–13–104(1)(a) and (b), C.R.S. 1973, which provide:

"(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(a) This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding, and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships."

A child's home state is defined by section 14–13–103(5), C.R.S. 1973, to be:

"[T]he state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less

than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period."

We note that the definition of "home state" refers to the child's physical residence, not his/her legal residence or domicile. In the present case, the child lived with his father in Colorado from August 1982 to May 9, 1983. The only period of absence was the few days the child visited with his mother in Oklahoma during the Christmas holidays. The father has lived in Colorado since 1981. The child was not in Colorado on the date proceedings were commenced in the district court because he was removed from this state by his mother ("a person claiming his custody," see section 14–13–104(1)(a), C.R.S. 1973). Thus, the respondent court has jurisdiction under section 14–13–104(1)(a), C.R.S. 1973.

The Colorado district court also has jurisdiction under section 14–13–104(1)(b), C.R.S. 1973. The father has a significant connection with Colorado because he has lived in this state since 1981. The child also has a significant connection with Colorado because he has lived in this state continuously for nine months and attended the elementary school in Conifer. He also was in Colorado during visitation periods. There is substantial evidence in this state from the father's neighbors, the child's teachers, and other persons concerning the child's care, training, and personal relationships.[1]

### III.

Having determined that Colorado has jurisdiction under the U.C.C.J.A., the next inquiry is whether the respondent judge abused his discretion when he refused to exercise jurisdiction in the case.

 Several sections of the U.C.C.J.A. address the question of when a court should exercise its jurisdiction. Section 14–13–107,

C.R.S. 1973, provides that a Colorado court shall not exercise its jurisdiction if a proceeding concerning the custody of the child is pending in a court of another state. Where there is such a pending proceeding, exclusive jurisdiction is vested in the court in which the matter is first raised. In Re the Petition of Edilson, 637 P.2d 362 (Colo. 1981). There is no such pending proceeding in this case for two reasons. First, the stipulation of the parties was not made an order of the Oklahoma court. Second, the stipulation has expired by its own terms.

Section 14–13–114, C.R.S. 1973, provides that Colorado courts shall recognize and enforce decrees of other states which assumed jurisdiction under statutory provisions substantially in accordance with the U.C.C.J.A., or which were made under factual circumstances meeting the jurisdictional standards of the U.C.C.J.A. Section 14–13–115(1), C.R.S. 1973, provides:

"Modification of custody decree of another state. (1) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this article or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction."

Read together, sections 114 and 115 provide for continuing jurisdiction in the state which issued the original custody order. Before modifying a decree of another state, a court of this state must find either that (1) the original state no longer has jurisdiction, or (2) that state has declined to assume jurisdiction. Roberts v. District Court, 198 Colo. 79, 596 P.2d 65 (1979); Brown v. District Court, 192 Colo. 93, 557 P.2d 384 (1976); Fry v. Ball, 190 Colo. 128, 544 P.2d 402 (1975). The second criterion is obviously not applicable here because the Oklaho-

---

**1.** It is alleged in the father's brief that the child was in a counselling program and participated in soccer and Cub Scouts.

ma court has said that it desires to retain jurisdiction over the matter.

■ To determine if the first criterion is fulfilled, we must ascertain whether Oklahoma has jurisdiction under the U.C.C.J.A. Oklahoma has adopted the U.C.C.J.A. *Holt v. District Court,* 626 P.2d 1336 (Okl.1981). The Oklahoma statutes are substantially the same as the Colorado provisions and are codified in Okla.Stat. tit. 10, §§ 1601 to 1627 (Supp.1982). Oklahoma is clearly not the home state of the child since the child most recently lived with the father in Colorado for more than six months. The U.C.C.J.A. contemplates a set of priorities to be used in resolving questions of jurisdiction and home state jurisdiction is preferred. The official comments to section 3 (14–13–104) state: "In the *first* place, a court in the child's home state has jurisdiction, and *secondly,* if there is no home state or the child and his family have equal or stronger ties with another state, a court in that state has jurisdiction." Uniform Child Custody Jurisdiction Act § 3 comment (1968) (emphasis added). We have recognized that home state jurisdiction is preferred. *See Roberts,* 198 Colo. 79, 596 P.2d 65.

While Oklahoma does not have home state jurisdiction, it arguably has jurisdiction under section 14–13–104(1)(b) because the child and mother have a substantial connection to Oklahoma in view of the fact that the child lived there most of his life. However, the child had not lived in Oklahoma for nine months at the time the father filed this petition. Moreover, the mother has left Oklahoma. Any possible connection with Oklahoma is in the past.

■ The purpose of section 14–13–104(1)(b) is to limit jurisdiction rather than to proliferate it. Uniform Child Custody Jurisdiction Act § 3 comment (1968). While the intent of the U.C.C.J.A. is that the original state shall have continuing jurisdiction under section 14–13–115, such jurisdiction can be lost by the erosion of a child and parents' significant connections with the state. The official comment to section 14–13–114 states:

"[A]ll petitions for modifications are to be addressed to the prior state if that state has sufficient contact with the case to satisfy section 3. The fact that the court had previously considered the case may be one factor favoring its continued jurisdiction. If, however, *all the persons involved have moved away* or the contact with the state has otherwise become slight, modification jurisdiction would shift elsewhere."

Uniform Child Custody Jurisdiction Act § 14 comment (1968) (emphasis added). By way of illustration, the commissioners use an example which is identical to the facts here, where a custody decree was granted in state 1, one party remained in state 1, the other took the child to state 2, and then the first party moved away from state 1. The comment concludes that state 1 loses modification jurisdiction under the U.C.C.J.A. In *Roberts,* 198 Colo. 79, 596 P.2d 65, we recognized that when all the parties leave state 1, that state no longer has jurisdiction.

While it is true that sections 14–13–114 and –115 "attempt to guarantee reasonable security and continuity of environment to children by discouraging their unilateral removal from one state to another to avoid obeying custodial orders," *Kraft v. District Court,* 197 Colo. 10, 12, 593 P.2d 321, 323 (1979), we must keep in mind the other policies of the act, namely, that litigation concerning the child take place in the state with which the child and his family have the closest connection and where significant evidence concerning the child is available. Section 14–13–102(1)(c), C.R.S. 1973. Clearly, the best interest of the child would not be served through the exercise of jurisdiction by Oklahoma in this case. The child had not resided in that state for nine months at the time the father filed the petition and neither the parents nor the child now lives there.

■ We hold that the exercise of jurisdiction by a Colorado court is appropriate because Oklahoma no longer has jurisdiction. The district court abused its discretion by deferring to the jurisdiction of the

Oklahoma court. We therefore make the rule absolute.