**In re the Matter of the CUSTODY OF Jonathan Wesley DUNN, Minor,**

**Gail Howells DUNN,
Petitioner-Appellant,**

**v.**

**Sandra Darlene FRANKLIN,
Respondent-Appellee.**

**No. 84CA0089.**

Colorado Court of Appeals,
Div. IV.

April 11, 1985.

Lee J. Belstock, Denver, for petitioner-appellant.

No appearance for respondent-appellee.

ENOCH, Chief Judge.

Gail Dunn appeals from the trial court's judgment denying her petition for custody of her stepson, Jonathan Dunn. We reverse.

Jonathan Dunn, the natural child of John and Sandra Dunn (now Sandra Franklin) was born on December 4, 1975, in Florida. When his natural parents separated in April 1978, Jonathan remained with his mother, the two moving to Texas later that year. On March 23, 1980, Sandra permitted John to have Jonathan for an overnight visit. Instead of returning Jonathan to his mother, John took the child to California to live with him and his girlfriend, Gail Howells.

On September 4, 1980, Sandra obtained a divorce decree in Texas, after obtaining service on John by publication, in which she was awarded custody ("managing conservator") of Jonathan, while John was appointed "possessory conservator," which allowed him only visitation rights. Jonathan, however, continued to live with Gail and John, who were married in October 1981. When John died in an automobile accident on January 8, 1983, Gail and Jonathan moved from California to Colorado Springs, and six months later, on July 13, 1983, Gail filed this petition in El Paso County District Court seeking custody of Jonathan.

Sandra was personally served with the petition in Texas on October 3, 1984. She responded by filing a certified copy of the Texas divorce and custody decree, with a motion to enforce its custody provision. *See* § 14–13–115(1), C.R.S. Alternatively, Sandra requested that the court decline jurisdiction pursuant to § 14–13–108, C.R.S. (inconvenient forum), or § 14–13–109, C.R.S. (misconduct of petitioner).

At the hearing, Gail stated that she and John had felt that "possessory conservatorship" granted them possession of the child. Various Texas statutes, including the Texas version of the Uniform Child Custody Jurisdiction Act (UCCJA), were admitted into evidence. The court ruled that it had jurisdiction to modify the Texas decree because Colorado was the "home state" of the child, and because the ties to this state made it in the best interest of the child for Colorado to assume jurisdiction. Section 14–13–104(1)(a) and (b), C.R.S. However, the court communicated with the Texas court of original jurisdiction and was advised by the Texas court that it felt it still had jurisdiction to consider any modification of its custody order. Whereupon the court ruled that it was precluded from modifying the decree by § 14–13–115(1) because Texas still had jurisdiction.

Gail contends that Texas no longer has jurisdiction and, thus, the trial court abused its discretion in not exercising jurisdiction under § 14–13–115(1). We agree.

■ In determining whether to exercise jurisdiction under the UCCJA where, as here, another state has entered a prior custody decree, two separate and distinct inquiries must be made. *McCarron v. District Court*, 671 P.2d 953 (Colo.1983).

First, it must be determined whether the Colorado court has jurisdiction, which here it correctly determined that it had. Because the child had lived in Colorado six months prior to commencement of the proceeding, it was his home state, and therefore, its courts had jurisdiction under the UCCJA. Sections 14–13–103(5) and 14–13–104(1)(a), C.R.S. Furthermore the court correctly determined that because the child and stepmother had significant connections with this state, and because there was substantial evidence concerning him here, it was in the child's best interests for it to have assumed jurisdiction. Section 14–13–104(1)(b), C.R.S.

Once the first issue has been determined, the second inquiry to be made is whether it is an abuse of discretion for jurisdiction not to be exercised. *McCarron, supra. See also Johnson v. District Court*, 654 P.2d 827 (Colo.1982). To determine whether jurisdiction should be exercised, it is necessary to examine §§ 14–13–114 and 14–13–115, C.R.S.

■ Section 14–13–115, C.R.S., entitled "Modification of custody decree of another

state," provides that where, as here, another state has entered a prior custody decree a court of this state must refuse to modify the decree "unless it appears ... that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this article or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction." Thus, the Texas decree can be modified only if Texas no longer has jurisdiction or has declined to assume it.

Because the Texas court has said that it desires to retain jurisdiction in this matter, it must be determined whether Texas still has jurisdiction. *McCarron, supra; Brown v. District Court*, 192 Colo. 93, 557 P.2d 384 (1976).

Texas has adopted the UCCJA in a form which is substantially the same as the Colorado version; thus, its law will be examined to determine whether it has continuing jurisdiction. *Brown, supra. See* Tex.Family Code Ann. § 11.51 to 11.75 (Vernon 1984 Supp.) Texas provides for continuing jurisdiction to modify its custody decrees, subject to its version of the UCCJA. Tex.Family Code Ann. § 11.05(a) and (g) (Vernon 1984 Supp.). Texas' jurisdictional prerequisites are:

"(a) A court of this state that is competent to decide child custody matters has jurisdiction to make a child custody determination by initial decree or modification decree or order if:

(1) this state:

(A) is the home state of the child on the date of the commencement of the proceeding; or

(B) had been the child's home state within six months before the date of commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;

(2) *it appears that no other state would have jurisdiction under Subdivision (1) of Subsection (a) of this section* and it is

in the best interest of the child that a court of this state assume jurisdiction because:

(A) the child and his parents or the child and at least one contestant have a significant connection with this state other than mere physical presence in this state; and

(B) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships." (emphasis added) Tex.Family Code Ann. § 11.53 (Vernon 1984 Supp.)

Under the Texas statute, because Jonathan did not live in Texas at any time during the six months prior to commencement of the Colorado custody proceeding, it is not entitled to jurisdiction under the "home state" provisions of the above § 11.53(a)(2). Tex.Family Code Ann. § 11.52(5) (Vernon 1984 Supp.). *See McCarron v. District Court, supra.* Further, it does not appear that Texas had jurisdiction under § 11.53(a)(2), the "significant connection" provision, because unlike the comparable Colorado statute, § 14–13–104(1)(b), C.R.S., the Texas statute does not permit "significant connection" jurisdiction where another state has "home state" jurisdiction under § 11.53(a)(1)(A), and here, Colorado had such jurisdiction. In addition, the child's contact with Texas has become slight, and substantial evidence concerning his welfare is present here; thus, modification jurisdiction should shift to Colorado. *See McCarron v. District Court, supra.*

We are not unmindful of the opinions in *In Re Marriage of Barden*, 678 P.2d 1031 (Colo.App.1983) (cert. granted March 26, 1984), and *In Re Marriage of Nicholson*, 648 P.2d 681 (Colo.App.1982). We believe the holding in those cases, that the court which enters the original custody order will always have jurisdiction, is overly broad and overlooks the intent and purpose of the UCCJA that under certain circumstances the state of original jurisdiction can and should lose jurisdiction. The UCCJA's requirements for modifying a prior out-of-state custody decree, as expressed in this

and other opinions construing §§ 14–13–114 and 14–13–115, are inconsistent with this view of perpetual jurisdiction. *See McCarron, supra; see also Brown, supra; Fry v. Ball,* 190 Colo. 128, 544 P.2d 402 (1975).

Therefore, we hold that here, the trial court erred in finding that Texas had continuing jurisdiction, and in refusing to exercise jurisdiction pursuant to § 14–13–115(1).

In light of the foregoing, it is unnecessary to determine whether the trial court abused its discretion in refusing to exercise *parens patriae* jurisdiction.

The judgment is reversed and the cause is remanded for further proceedings in accordance with this opinion.

HODGES and SILVERSTEIN, JJ.,* concur.