Linda A. ZIMMERMAN,
Petitioner–Appellee,

v.

Kenneth Earl EVANS,
Respondent–Appellant.

No. 87CA0334.

Colorado Court of Appeals,
Div. II.

Dec. 31, 1987.

Arnold, Ross and Singer, Michael K. Singer, Sterling, for petitioner-appellee.

Joseph H. Miller, Jr., Sterling, for respondent-appellant.

VAN CISE, Judge.

Appearing specially in this court, Kenneth Earl Evans (father) appeals the trial court's orders denying his motions to dismiss this action brought by Linda A. Zimmerman (mother) pursuant to the Uniform Child Custody Jurisdiction Act, § 14–13–101, et seq. C.R.S. (1987 Repl.Vol. 6B) (the Act). His sole contention for reversal and dismissal is that the Colorado court had no subject matter jurisdiction over the child custody proceedings because the court did not have in its possession certified copies of certain Oklahoma decrees concerning that custody. We affirm.

The parties formerly lived in Oklahoma and their marriage was dissolved there in 1976. By orders entered in that court in 1978 modifying the earlier decree, the father was awarded the custody of the child. Thereafter, he moved to and became a resident of Virginia. Since 1984, the mother and child have resided in Colorado.

In 1986, the mother instituted this proceeding in the district court in Colorado under the Act, asking for an order granting her the custody of the child. The father was personally served in Virginia. He entered a special appearance in the Colorado case and moved to dismiss that action for lack of subject matter jurisdiction. The Colorado court denied the motion, conducted a hearing, and awarded custody to the mother. The father again filed a motion to dismiss or to amend the judgment, which motion was denied.

The father does not challenge the correctness of the recital in the mother's petition in this case as to the actions taken by the Oklahoma court in 1976 and 1978. He claims, however, that absent certified copies of those decrees, the Colorado court cannot consider the acceptance of jurisdiction and was without power to proceed. We do not agree.

Section 14–13–110(3), C.R.S. (1987 Repl. Vol. 6B) requires that a party to a proceeding under the Act inform the court of any custody proceeding concerning the child in this or any other state. That is the sole requirement imposed upon a party to supply information to the court concerning other proceedings. This requirement was met in the mother's verified petition and affidavit, and adequate information was contained therein to enable the Colorado court to decide whether to take jurisdiction of the case.

After a Colorado court takes jurisdiction of this type of action, § 14–13–123, C.R.S. (1987 Repl.Vol. 6B) provides that the court is to request from the court of the other state certified copies of the documents in that court's files pertaining to the child's custody. This is to assist the trial court in undertaking the investigation required under the circumstances set forth in § 14–13–107(3), C.R.S. (1987 Repl.Vol. 6B) concerning proceedings pending in another state. There is nothing in the Act to indicate that obtaining these documents is jurisdictional, and we hold that it is not.

Our supreme court has taken a practical view of the information-exchanging provisions in the Act. In *In re Petition of Edilson*, 637 P.2d 362 (Colo.1981), the court rejected the contention that § 14–13–107 required a Colorado trial court to communicate with a California court before making a determination whether the Colorado court might have jurisdiction. It stated: "The requirement for communication with the other court would be appropriate if the trial court was unsure of whether to accept jurisdiction and was seeking information as to the most appropriate forum."

In the instant case, the trial court was *not* unsure as to whether to accept jurisdiction. As it properly found, the Oklahoma

court had lost its jurisdiction, the child and his mother had significant connections with Colorado, and substantial information existed in this state concerning the child's present or future care. *See* § 14–13–104(1)(b), C.R.S. (1987 Repl.Vol. 6B). Because the Oklahoma court had lost its jurisdiction, and no proceeding was then pending in that state, it was not necessary for the trial court to proceed under § 14–13–107 or § 14–13–123. *See also* *Wheeler v. District Court,* 186 Colo. 218, 526 P.2d 658 (1974).

Orders affirmed.

SMITH and KELLY, JJ., concur.