# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2024-2280

———————————————

DANIEL D. CHEON,

    Appellant,

    v.

SHANE C. MARTIN,

    Appellee.

———————————————

On appeal from the County Court for Okaloosa County.
Jonathan Vincent Schlechter, Judge.

October 8, 2025

PER CURIAM.

With no record or appendix to review—even after ordering Appellant to provide one—we affirm. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150 (Fla. 1979).

Without a record of the trial court proceedings, an appellate court cannot "properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory." *Id.* at 1152. "The burden is on the appellant to demonstrate reversible error and present an adequate record for review." *Thurman v. Davis*, 321 So. 3d 341, 344 (Fla. 1st DCA 2021) (quoting *J P Morgan Chase Bank v. Combee*, 883 So. 2d 330, 331 (Fla. 1st DCA 2004)). But if the appellant fails to meet its burden, we "must presume" the lower

court had a sufficient basis for its ruling, even if the appellant is a pro se litigant. *King v. Giardina*, 368 So. 3d 546, 546 (Fla. 1st DCA 2023) ("Pro se litigants are bound by the same rules that apply to counsel. Without a transcript of the hearing this court must presume that the trial court's judgment was based on evidence adduced at the hearing." (citation modified)).

Here, pro se Appellant seeks review of a nonfinal "Order Determining Rent" that the lower court entered after an evidentiary hearing. Yet he provides *no record* of the underlying proceedings, as required by Florida Rules of Appellate Procedure 9.130(e) and 9.220. To correct this, we ordered him to file an appendix containing the hearing transcript and any other record evidence necessary for our review. We also explicitly warned that the failure to do so may require this Court to affirm the judgment below.

Appellant did not comply. In fact, he admits he is "unable" to do so. While he insists this "is not due to a lack of effort," he confesses he "did not hire a court reporter" for the hearing. But this decision does not save his appeal, for "litigants who proceed without a court reporter take a calculated risk." *Rose v. Clements*, 973 So. 2d 529, 530 (Fla. 1st DCA 2007) (citation modified) (quoting *Starks v. Starks*, 423 So. 2d 452, 454 (Fla. 1st DCA 1982)). "If the facts are determined adversely they may well be unable to demonstrate error on appeal due to the absence of a record." *Id.* Thus, the fact that Appellant did not hire a court reporter does not obviate his burden to furnish an adequate record. And by his own admission, he cannot do so.

Because the requested transcript likely does not exist, Appellant asks us to accept his purported statement of evidence as a "proper substitute." *Applegate*, 377 So. 2d at 1152. But for a statement of evidence to be proper, a party must first serve it on the opposing party (with time for objections or proposed amendments) and then file it with the trial court for settlement and approval. Fla. R. App. P. 9.200(b)(5). Here, Appellant did neither. Instead, he unilaterally filed it directly in this Court as a response to our previous order. Accordingly, we "must reject" it as procedurally noncompliant. *Burke v. Burke*, 864 So. 2d 1284, 1284 (Fla. 1st DCA 2004) (holding courts "must reject" a statement of

2

evidence that "was not agreed to by the parties, nor approved of by the trial court"); *accord Waites v. Middleton*, 302 So. 3d 1082, 1083 (Fla. 1st DCA 2020).*

In sum, because Appellant is unable to furnish an adequate record for review, we cannot "reasonably conclude that the trial judge so misconceived the law as to require reversal." *Applegate*, 377 So. 2d at 1152. Thus, we must affirm.

AFFIRMED.

WINOKUR, M.K. THOMAS, and TREADWELL, JJ., concur.

––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––

Daniel D. Cheon, pro se, Appellant.

Shane C. Martin, pro se, Appellee.

––––––––––––––––––

* Even if Appellant's statement of evidence were *procedurally* compliant, it is nevertheless *substantively* inadequate: It contains *no evidence*. Instead, it recounts his "perspective" and "paraphrasing" of the hearing. For example, it notes that a witness "appeared nervous and fidgety," "the judge asked [the witness] some questions related to some of the numbers" in a ledger, and "she answered his questions." Statements like those are not a "sufficient substitute for the lack of a hearing transcript." *Starks v. Starks*, 423 So. 2d 452, 453 (Fla. 1st DCA 1982) (explaining a statement that "fail[s] to recite the facts presented to the lower court" is not a proper substitute); *accord Olympus Pools, Inc. v. Griffith*, 412 So. 3d 887, 889 (Fla. 2d DCA 2025) (determining a statement that "neither describes what occurred at the hearing nor details any evidence or arguments that were presented" is "woefully inadequate").