386 So.2d 896 (1980)
Robert E. KUENSTLER, Jr., Appellant,
v.
Arland M. ANDREASEN, Appellee.
No. UU-91.
District Court of Appeal of Florida, First District.
August 19, 1980.
Robert E. Kuenstler, Jr. pro se.
Herman D. Laramore, Marianna, for appellee.

ORDER RELATING TO RECORD ON APPEAL
PER CURIAM.
This is an appeal from a final order determining a dispute as to possession and title to certain real property in favor of Appellee (Defendant and Counter-Plaintiff below). No report or transcript of the trial proceedings was made, for neither party secured the attendance of a court reporter at trial. Appellant thus prepared and served upon Appellee a substitute statement of the proceedings.[1] Appellee did not serve any objection *897 or proposed amendments thereto; however, he did move to strike the document on the ground that he had not certified it. Appellant then filed with the trial court a motion to settle and approve his statement of the proceedings without amendment. Appellant's motion was denied by the trial judge, who ruled that he could not sufficiently recall the proceedings to approve or reconstruct a record thereof. Appellant now moves the court to recognize his statement of the proceedings as if it had been settled and approved pursuant to Florida Rule of Appellate Procedure 9.200(b)(3). He moves, in the alternative, that the Court direct Appellee to review the document and submit any objections or proposed amendments thereto to the trial court for settlement of differences and ultimate approval in accordance with the above-cited Rule.
We are of the view that the ends of justice will be better served by a second attempt to reconstruct a record of the trial proceedings. There is no requirement in the above-cited Rule that Appellee certify Appellant's statement of the proceedings prior to its approval by the trial court and subsequent inclusion in the record. Rather, we think the cited Rule requires Appellee to make specific objections and proposed amendments (if he has any) going to the factual basis of Appellant's document. Such a requirement is consonant with Appellee's duty to assist in the preparation of the record and thus insure that the appeal be decided on its merits. The trial judge should then act as arbiter of any factual dispute between the parties. In remanding this cause, we are not unmindful of the trial judge's professed inability to recall the proceedings, and he may or may not have sufficient recollection to settle specific disputes as to objections or proposed amendments filed by Appellee. Such is unknown at this point, however, because Appellee has not complied with the Rule. A second attempt should be made to reconstruct the record of the trial proceedings which substantially complies with Florida Rule of Appellate Procedure 9.200(b)(3).
Accordingly, for the reasons expressed above, this Court remands jurisdiction in this cause to the trial court with directions that Appellee be required to file specific objections and proposed amendments (if any) to Appellant's statement of the proceedings and then for the trial court to take such further measures as are necessary and proper in accordance with Florida Rule of Appellate Procedure 9.200(b)(3).
McCORD, SHIVERS and WENTWORTH, JJ., concur.
NOTES
[1] Florida Rule of Appellate Procedure 9.200(b)(3):

If no report of the proceedings was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto within 10 days of service. Thereafter the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.