392 So.2d 13 (1980)
Robert J. KAUFFMANN, Appellant,
v.
Frank J. BAKER, Jr., and Dorothy H. Baker, Appellees.
No. 79-1137.
District Court of Appeal of Florida, Fourth District.
November 26, 1980.
Rehearing Denied January 23, 1981.
*14 Robert L. Thomas, Apopka, for appellant.
Timothy W. Gaskill, of DeSantis, Cook, Meehan, Cohen, Gaskill & Silverman, P.A., North Palm Beach, for appellees.
BERANEK, Judge.
Robert J. Kauffmann, plaintiff/purchaser, appeals from a final judgment denying specific performance of a contract for the purchase and sale of real property. The record contains no trial transcript as no court reporter was present at the trial. Appellant prepared and served upon appellees/sellers, Frank and Dorothy Baker's counsel, a proposed statement of the facts. Appellees' counsel refused to sign the statement saying, "The only agreement I have with your version of the facts is that you properly named the parties. Everything else is in dispute." (Emphasis in original). Appellant then set for hearing a "motion for reconstruction of record" although no such written motion was ever filed. The record does contain a transcript of that hearing which reflects the trial court made no attempt to settle any factual differences between the parties or approve any version of the facts. In fact, neither party requested the court to do so and the proposed statement of facts played no part in the hearing. Instead, the court read its trial notes to counsel and stated, "The only recollection I would have I would assume was when it was fresh in my mind as it would be when I prepared my judgement (sic), at this point no." On the basis of this record, appellant contests certain factual findings contained in the trial court's final judgment.
The trial court found that the parties purposefully inflated the purchase price ($44,500 rather than the option price of $42,100) to assist appellant in obtaining financing and that this constituted fraud upon the lending institution, rendering both parties guilty of "unclean hands." We affirm. The granting or withholding of specific performance and the application of the clean hands doctrine are questions for the lower court whose determination and discretion will not be disturbed unless clearly erroneous. Roberts v. Roberts, 84 So.2d 717, 720 (Fla. 1956); Vorpe v. Key Island, Inc., 374 So.2d 1035, 1037 (Fla. 2d DCA 1979). Since the record reflects substantial competent evidence to support the trial court's determination, appellant has failed to demonstrate error. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979).
For the guidance of the bar, however, we deem it advisable to discuss the ramifications of Florida Rules of Appellate Procedure 9.200(b)(3), regarding construction of the record when a transcript is unavailable, and 9.200(f)(2), regarding supplementation of the record. These rules provide:
9.200(b)(3): If no report of the proceedings was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.
9.200(f)(2): If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined because the record is incomplete until an opportunity to supplement the record has been given.
The Committee Notes to Rule 9.200(f)(2) indicate,
This rule is intended to assure that any portion of the record before the lower *15 tribunal which is material to a decision by the court will be available to the court. It is specifically intended to avoid those situations which have occurred in the past where an order has been affirmed because appellate counsel failed to bring up the portions of the record necessary to determine whether or not there was an error. See Pan American Metal Products Co. v. Healy, 138 So.2d 96 (Fla. 3d DCA 1962). The rule is not intended to cure inadequacies in the record which result from the failure of a party to properly make a record during the proceedings in the lower tribunal. The purpose of the rule is to give the parties an opportunity to have the appellate proceedings decided on the record before the lower tribunal. This rule does not impose on the lower tribunal or the court a duty to review on their own the adequacy of the preparation of the record. A failure to supplement the record after notice by the court may be held against the party at fault. (Emphasis supplied).
Appellant's purported statement of the facts failed to comply with Rule 9.200(b)(3), primarily because appellant did not file it in accordance with the rule and never submitted it to the trial court for settlement and approval. Moreover, the lack of a written pleading or motion directed to the reconstruction hearing makes us wonder precisely what appellant wanted the trial court to do.
Under Rule 9.200(f)(2), this court is required to allow an opportunity for supplementing an incomplete record before deciding the case based on the insufficiency of the record. By moving to reconstruct the record, appellant here already has had his opportunity. Furthermore, appellees noted the absence of an adequate record in their brief, choosing to rely on the facts set forth in the lower court's final judgment, which was detailed and made extensive factual findings. Appellant's reply brief urged that the record contained additional facts, citing a memorandum of law and the transcript from the reconstruction of the record "motion" hearing.
Under these circumstances, where the record deficiencies are apparent and the record itself reflects appellant's awareness of them, we find no need to award a second opportunity to supplement the record. To hold otherwise would necessitate our leading the parties by the hand in an attempt to get an adequate record. The trial court's admitted inability to independently recollect the proceedings additionally compels this determination. The trial judge is not obliged to transcend his recollection and trial notes to establish a record. Haist v. Scarp, 366 So.2d 402 (Fla. 1978).
We have considered the First District's recent opinion in Kuenstler v. Andreasen, 386 So.2d 896 (Fla. 1st DCA 1980), and find it inapplicable to this case as appellant herein has never sought this court's aid to supplement the record. To the extent Kuenstler places an affirmative duty upon the appellee to assist in preparation of the record, we choose not to follow it and instead adopt the Fifth District's rationale in Mills v. Heenan, 382 So.2d 1317 (Fla. 5th DCA 1980). The appellant retains the burden of overcoming the presumption of correctness attributed to a trial court's final judgment. Appellant's burden includes a demonstration of error from the record, which he must supply. Litigants who proceed on contested factual issues without a court reporter take a calculated risk. If the facts are determined adversely they may well be unable to demonstrate error on appeal due to the absence of a record. If opposing counsel will not stipulate and the trial court remembers the evidence differently or cannot remember it at all the resulting record may be totally insufficient.
Trial counsel should not be encouraged by Rule 9.200(f)(2), to litigate without making a proper record. Rule 9.200(b)(3), requires and allows inclusion of a "statement of evidence" only "as settled and approved" by the trial court. In the present case the only version of the facts which the trial court "approved" was that contained in the final judgment. Since there is no record support *16 for appellant's contrary factual arguments that judgment is affirmed.
AFFIRMED.
DOWNEY and GLICKSTEIN, JJ., concur.