PER CURIAM.
This is a timely appeal from two orders which denied a motion for deficiency judgment sought against appellee, Dudley Kear-ney, pursuant to Section 702.06, Florida Statutes (1979), and a subsequent order which denied appellant’s motion for rehearing.
In 1969 appellee Kearney purchased a business from Donald E. Morgan known as Hollywood Elevator Cab Co. and located in Hollywood, Florida. As part of the purchase, Kearney executed a promissory note in the principal sum of $165,000, secured by a Security Agreement/Chattel Mortgage. The security instrument required Kearney to obtain the creditor’s consent prior to disposal of the encumbered collateral. Appellants are the heirs of Donald E. Morgan and recipients of the rights and interests of the subject instruments. The trial court entered final summary judgment against Kearney based on findings that he had disposed of much of the collateral described in *571 the Security Agreement, without consent and in default of its terms and that the sum then owed appellants, including interest, was $93,085.20. The trial court also ordered a public sale of the undisposed of collateral. Appellants purchased the remaining collateral at the foreclosure sale on a bid of $16,000 and subsequently sold it to a third party for $20,000.
There was no record made of the hearing upon appellants’ motion for deficiency judgment and the trial court’s orders are devoid of any finding of fact or specificity of grounds for denial.
On November 18, 1980, we ordered the parties to prepare a statement of evidence of the deficiency proceedings and the trial court to enter an order of settlement and approval within thirty days in accordance with Florida Rule of Appellate Procedure 9.200(b)(3). In response to our order each party prepared a statement, and the two were in utter conflict.
Rather than comply with our order, the trial judge took no action on the statements. Thereafter the trial judge resigned from office on January 31, 1981, without having taken any action.
We are left, therefore, without any usable record of the proceedings of the deficiency hearing. In the absence of such record, we have no alternative but to affirm. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
AFFIRMED.
ANSTEAD, GLICKSTEIN and HURLEY, JJ., concur.