ORDER
PER CURIAM.
Because there was no court reporter in attendance at the trial, appellant submitted a statement of the evidence pursuant to Rule 9.200(b)(3), Fla.R.App.P. Appellee’s trial counsel signed the statement, stating that defendant (appellee) had no objections to the statement and proposed no amendments. The statement was then submitted to the trial court for approval. The trial court refused to sign the statement.
Appellant now requests this Court to dispense with the requirement of court approval since the parties are in agreement as to the evidence presented.
When an appellant submits a statement of the evidence pursuant to Rule 9.200(b)(3) and appellee states that he has no objection and offers no amendments, the statement is equivalent to a stipulated statement under Rule 9.200(a)(3) and no longer requires “settlement and approval” pursuant to Rule 9.200(b)(3), Fla.R.App.P.
In Kuenstler v. Andreasen, 386 So.2d 896 (Fla. 1 DCA 1980), we discussed the duties of the appellee and the trial court under *255 Rule 9.200(b)(3). We stated that the trial court should “act as an arbiter of any factual dispute between the parties”. In the instant case, there were no disputes for the trial court to settle and trial court approval became unnecessary.
The statement of the evidence shall be filed with the clerk of the lower tribunal and shall be included in the record on appeal. .Time is extended for service of the index to the record on appeal to and including thirty (30) days from the date of this Order. Appellant’s initial brief shall be served no later than twenty (20) days thereafter.
MILLS, C. J., and BOOTH and LARRY G. SMITH, JJ., concur.