PER CURIAM.
Edward J. Stack, as former Sheriff of Broward County, appeals a $75,000 final judgment in favor of appellee and a subsequent order denying motions for new trial and for judgment notwithstanding the verdict.
Appellee suffered personal injuries including the loss of sight in one eye while incarcerated as a prisoner at the Broward County Jail. He alleged that he sustained his injuries as a result of negligence on the part of appellant. Appellant raises several points on appeal which include the trial court’s denial of his second motion for a continuance to permit him to depose appel-lee a second time and the admission of a videotaped statement introduced into evidence purportedly to identify appellee. Appellant also complains that the trial court gave improper instructions to the jury.
Appellant has failed to furnish a record of the trial court proceedings before the jury, and although we permitted appellant to supplement the record, appellant has failed to furnish a complete transcript of the trial. Therefore we are without a basis to consider the merit of appellant’s contention that a second deposition of appellee would have disclosed relevant and material evidence pertaining to the damages asserted by appellee. Similarly, we have no basis to consider the merit of appellant’s contention that the trial court erred in admitting the videotape of appellee. We do not find Florida Rule of Appellate Procedure 9.200(f)(2) applicable under the circumstances of this case. Appellee raised the insufficiency of the record in his brief and this Court granted appellant’s motion to supplement the record after the briefs were filed. Appellant elected only to furnish us with a transcript of the jury charge conference and failed to furnish a transcript of the proceedings which would furnish the basis for his first two points on appeal. We think our comments in Kauffmann v. Baker, 392 So.2d 13 at 15 (Fla. 4th DCA 1980), apply to the facts of this case.
Under these circumstances, where the record deficiencies are apparent and the record itself reflects appellant’s awareness of them, we find no need to award a second opportunity to supplement the *68 record. To hold otherwise would necessitate our leading the parties by the hand in an attempt to get an adequate record.
Finally, appellant challenges the trial court’s instruction concerning the rights of a “pretrial detainee.” Appellant contends that he timely made objection to this instruction and asserts that the instruction was improper because it unnecessarily informed the jury that appellee Lareau was in jail because he was too poor to afford bail and that he was presumed innocent of any crime for which he was awaiting trial. Although we agree with appellant that the trial court should not have instructed the jury in this manner, we do not find the giving of the instruction reversible error for two reasons. First, we have searched appellant’s supplemental record carefully and do not find that appellant made either of the foregoing objections to the trial judge. Secondly, we do not find that the giving of this instruction created harmful error when considered in the light of the entire charge given by the trial judge.
Accordingly, we hold that appellant has failed to demonstrate reversible error and affirm the judgment below.
AFFIRMED.
HERSEY, HURLEY and DELL, JJ„ concur.