PER CURIAM.
This is an appeal taken by the plaintiff-buyers [Kenneth and Edith Allen] from a final judgment awarding specific performance on a contract for the sale of realty. The plaintiff-buyers complain on appeal that the trial court in its final judgment re-wrote the contract between the parties in several respects and failed to award them certain incidental damages. We are not persuaded by these contentions, save one, as we find that, on the whole, no abuse of the chancellor’s admittedly broad discretion in fashioning an equitable specific performance decree has been demonstrated on this record. See Kauffmann v. Baker, 392 So.2d 13 (Fla. 4th DCA 1980); Hernandez v. Leiva, 391 So.2d 292 (Fla. 3d DCA 1980).
There is, however, one point urged on appeal which we find meritorious. The trial court ordered in paragraph 5 of the final judgment that the plaintiff-buyers reimburse the defendant-seller [Ted Hendel] for certain expenses incurred by the said seller in maintaining the subject property until six days prior to occupancy by the plaintiff-buyers. We have carefully examined the contract between the parties, particularly paragraphs N, O, Q, and R therein, and find that the above expenses must be borne under the said contract by the defendant-seller, rather than the plaintiff-buyers. Accordingly, paragraph 5 of the final judgment must be stricken as being contrary to the governing provisions of the contract between the parties. See Gendzier v. Bielecki, 97 So.2d 604 (Fla.1957).
The final judgment under review is affirmed save for paragraph 5 therein, which paragraph is hereby stricken.
Affirmed as modified.