442 So.2d 310 (1983)
Billy Powell CLAYTON, Appellant,
v.
Ruthe Lee CLAYTON, Appellee.
No. AQ-296.
District Court of Appeal of Florida, First District.
December 2, 1983.
Rehearing Denied January 6, 1984.
Norm La Coe, of La Coe & Thompson, P.A., Gainesville, for appellant.
Zelda J. Hawk, of Sieg, Comfort, Hawk, Costello & Reid, Gainesville, for appellee.
SHIVERS, Judge.
This is an appeal by the husband from a judgment of dissolution of marriage. Because we agree with appellee, wife, that *311 the record is insufficient for appellate review, we affirm.
The record provided for review in this case includes the pleadings of the parties, including financial affidavits, depositions from the wife's doctor and psychologist, and the final judgment of the court. The final hearing in this case, however, was not recorded. Pursuant to Florida Rule of Appellate Procedure 9.200(b)(3), appellant filed a statement of the evidence, giving appellant's version of the evidence adduced at the final hearing. Appellee filed objections to appellant's statement of the evidence and filed an appellee's statement of the evidence. Although some areas of agreement exist, there remain substantial differences and conflicts between the two versions of the final hearing. Moreover, the statements of the evidence do not reveal the nature of the arguments, if any, made to the trial court.
Although the statements and objections were presented to the trial court for settlement and approval pursuant to Rule 9.200(b)(3), the trial court entered an order stating that the court was unable to sufficiently recall the proceedings so as to be able to approve or reconstruct a record in accordance with Rule 9.200.
The decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error. It is the decision of the trial court, and not the reasoning used in the written final judgment, which matters. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979). As in Applegate, we find that the lack of a trial transcript or a proper substitute is a fatal flaw in appellant's case. See also Starks v. Starks, 423 So.2d 452 (Fla. 1st DCA 1982) (stipulated statement signed by counsel for both parties was deficient, and therefore not a sufficient substitute for a hearing transcript); Morgan v. Kearney, 395 So.2d 570 (Fla. 4th DCA 1981) (record insufficient where trial judge resigned without taking action on conflicting statements of evidence prepared by the parties); Kauffmann v. Baker, 392 So.2d 13 (Fla. 4th DCA 1980) (record insufficient where trial court did not settle any factual differences between the parties or approve any version of the facts).
AFFIRMED.
MILLS, J., concurs.
ZEHMER, J., concurs specially, with opinion.
ZEHMER, Judge, concurring.
I concur, albeit reluctantly, in the majority opinion. The parties did not agree on a stipulated record, and the trial judge, because of an understandable lack of memory, did not settle the disputes and approve the stipulation. We have no stipulated record approved under rule 9.200, Florida Rules of Appellate Procedure, and therefore have no alternative but to affirm under Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979), and the other decisions cited in Judge Shivers' opinion for the court.
I am troubled, however, by this disposition of the case. It appears to me that the facts agreed upon by the parties in the stipulated record  ignoring the disputed facts in that stipulation  are in themselves sufficient to demonstrate reversible error. No useful purpose is served by reciting that evidence in detail. In my view, however, the agreed facts show, for example, that the total monetary amount appellant is ordered to pay from his monthly income for the wife's support and mortgage payments on her house is significantly more than the remaining amount available to the husband, which is insufficient for his own support. In addition, the trial court apparently was unduly and improperly influenced by the husband's alleged misconduct, recited in the judgment. We have not reached these and some other questions presented, however, for lack of a proper record. Perhaps the rule in Applegate should be modified, but that is for the Supreme Court, not us, to decide.
As demonstrated in the cases cited by Judge Shivers, the lesson to be learned *312 from this is simple, but of utmost importance. Unless a party determines, at the commencement of a trial involving disputed facts, to accept the trial court's ruling without further review by another court, it is imperative that such party employ the services of a court reporter and obtain a reported transcript of the proceedings in order to preserve and guarantee the right of full appellate review.
Perhaps the wife has now resumed working and become self-sustaining, as was prognosticated by the deposition testimony filed with the court below, so that the appellant may seek modification of his ostensibly onerous burden. If he does so, hopefully he is now adequately forewarned to make a full record if he expects us to review an adverse decision.