FEDER, RICHARD YALE, Associate Judge.
The matter comes to this court on an appeal from an assessment of attorney’s fees following a settlement in open court of the underlying suit against an insurance carrier seeking to enforce a group health insurance policy.
The appeal was originally based on a two-prong attack on the award of fees; i.e., there was no statutory basis for an assessment of fees where only a “certificate,” and not the insurance policy, was delivered in Florida,[1] and, secondly, that the insurance company counsel had stipulated in open court to an award of fees, leaving open only the amount thereof.
At oral argument, counsel for the appel-lee-insured admitted, with commendable candor, that there was no legal basis for the award of attorney’s fees under the statute. This left only the stipulation.
The only transcribed record of the alleged stipulation was contained in the announcement to the court below that “Plaintiff and Defendant have stipulated that we have settled the case in the amount of $25,000, with costs and attorneys’ fees to be decided at a later date.” Thereafter, the court awarded $19,975 and, at a subsequent hearing on April 4, 1985, determined that there was a statutory basis for the award of fees. The final judgment of April 8, 1985, which was prepared by appellee’s counsel, alluded to a stipulation for the award of fees.
During the pendency of this appeal, appellant moved to strike all reference in appellee’s brief to any alleged “stipulation” and attached to such motion an affidavit from the carrier’s trial counsel negating any such stipulation and specifically denying that the trial court had made any findings relative to a stipulation. Subsequent to filing the motion to strike and affidavit, the appellee filed an affidavit of trial counsel alleging the settlement included attorney’s fees, leaving for the trial court only the issue of the amount. There was no express agreement for entitlement, but rather an implied agreement therefor.
Now both prongs of appellant’s attack have pierced appellee’s position. During oral argument, it was also announced that the “entitlement to fees” hearing was held without objection by appellee as an accommodation to appellant’s trial counsel[2] despite the “stipulation.” No such information was provided the trial court, which held a contested hearing at which testimony was taken from a New York expert in addition to legal argument.
This court has stricken any such stipulation concerning fees based on the lack of record citation and the motion and affidavits filed herein. Nevertheless, we are aware that the trial court was an actual witness to whatever was announced and stipulated to in open court on or “off” the record and, in addition, signed a final judgment (albeit drawn by appellee) which stated, in part, “with the further stipulation that the amount of both costs and attor *899 ney’s fees were to be awarded at a later date_” (Emphasis supplied.)
Therefore, this matter is remanded to the court below for a determination as to whether there was, in fact, an actual stipulation for the award of attorney’s fees, leaving open only the amount thereof. If so, the parties should be left to their bargain. If not, in light of the admission that there is no statutory entitlement to attorney’s fees, the award of attorney’s fees should be stricken.
Appellant also raised, alternatively, that the amount of the fees actually awarded was excessive. There being no record of what evidence the court considered in making the award nor any attempt to supplement the record,[3] this court must affirm the amount. Marrero v. Goldsmith, 448. So.2d 543 (Fla. 3d DCA 1984); Mikes v. Mikes, 440 So.2d 616 (Fla. 4th DCA 1983); Kauffmann v. Baker, 392 So.2d 13 (Fla. 4th DCA 1980).
LETTS, J., concurs.
ANSTEAD, J., concurs specially with opinion.

. Section 627.402(1) and (2), Florida Statutes (1979), which was the applicable statute at the time this cause of action accrued.

. At oral argument it was represented that the "accommodation" was to avoid a possible malpractice claim by the carrier client due to its counsel waiving the legal defense of non-entitlement by stipulating to an award.

. Florida Rule of Appellate Procedure 9.200(b)(3).