DOWNEY, Judge.
This is a timely appeal from an order assessing attorney’s fees for an attorney acting as guardian ad litem for the minor children during the parties’ post-dissolution modification proceedings.
In this post-dissolution of marriage proceeding, appellant contends that the trial court erred in awarding attorney’s fees to a guardian ad litem, who was appointed to represent the minor children of the parties. An evidentiary hearing was held to determine the propriety and amount of said fees, and, although the hearing was reported, the reporter no longer has his notes. Thus, no transcript of the hearing exists.
Appellant prepared a statement of the evidence or proceedings and submitted it to the trial judge for her approval. The record is silent as to whether appellant followed Florida Rule of Appellate Procedure 9.200(b)(3), which requires submission of the statement to the appellee and then to the trial judge. In any event, the trial judge refused to approve the statement because she could not adequately remember the proceedings.
The issues presented on this appeal require the submission of a transcript of the evidence or a statement prepared pursuant to Florida Rule of Appellate Procedure 9.200(b)(3). It appears that a second attempt to prepare a statement of the evidence or proceedings might be fruitful. We, therefore, relinquish jurisdiction to the trial court for a period of sixty days, with directions for the appellant to submit his proposed statement to the appellee in accordance with the rule. Appellee shall thereafter comply with the rule by approving the statement or filing objections or proposed amendments thereto. With that in hand, it may refresh the trial judge’s recollection and, thus, enable her to approve the ultimate statement for use by this court on appeal. For a good explication of the spirit of the rule see Kuenstler v. Andreasen, 386 So.2d 896 (Fla. 1st DCA 1980).
WALDEN and GUNTHER, JJ., concur.