ZEHMER, Judge,
specially concurring:
I concur in the affirmance because the appellant did not have a reporter take the proceedings at trial in this dissolution case and, since the lawyers have been unable to agree on the evidence presented and the judge has no recollection of the case, we have no record upon which the properly consider the merits. See, e.g., Clayton v. Clayton, 442 So.2d 310 (Fla. 1st DCA 1984). I would also point out, however, that the alimony award appears to be based on the former wife’s lack of employment at the time of the hearing. I concur, therefore, in this decision as being without prejudice to the appellant’s right to seek modification of the award when the former wife becomes reemployed or, if she remains capable of engaging in gainful employment consistent with her past history, she discontinues good faith efforts to obtain employment within her capabilities and becomes chronically unemployed and totally depen-dant on her former husband.