ON APPELLEE’S MOTION TO DISMISS OR TO REQUIRE SUPPLEMENTATION OF THE RECORD
PER CURIAM.
After taking an appeal of a workers’ compensation order awarding attorney’s fees, counsel for the employer/carrier filed directions for preparation of the record that designated only the order appealed and an earlier order which awarded certain benefits to the claimant (and which was not appealed). Appellee moves this court for an order dismissing this appeal for appellants’ failure to provide the court with a record that includes the transcript of the hearing below. Alternatively, appellee asks the court to order the appellants to supplement the record with those items enumerated in Rule 4.180(a)(1), Florida Workers’ Compensation Rules of Procedure. We directed the appellants to show cause why the motion should not be granted and their response contends that because of the narrow issue raised in this appeal, the record as designated is sufficient. Appellants suggest that they have complied with Rule 4.180(b), which permits an appellant to designate an abbreviated record when the issue(s) to be raised in the appeal can be presented to the court with such a record. Appellants’ response concludes:
If this court finds supplementing of the record necessary, such supplementing could be accomplished by utilizing the transcript in pending appeal case BT-187 wherein Baron Transport and Claims Center are the appellants and Teddy Paul Riley is the appellee. Additional supplementing could be obtained by utilization of the prior record in appeal BI-401.
We deny the motion to dismiss or to compel supplementation, but we also expressly reject appellants’ suggestion that this court examine other files to build a record for this appeal. We recognize that Rule 4.180(d) (which is similar to Rule 9.200(f)(2), Florida Rules of Appellate Procedure), authorizes the court to order supplementation of the record on its own motion or the motion of a party if the record is incomplete. While the ultimate concern of the court is that cases be decided on the merits, it is not our purpose to “[lead] the parties by the hand in an attempt to get an adequate record.” Stack v. Lareau, 433 So.2d 66, 68 (Fla.4th DCA 1983) (quoting Kauffman v. Baker, 392 So.2d 13, 15 (Fla. 4th DCA 1980)); see also Rule 9.200(f), Florida Rules of Appellate Procedure, committee notes (“A failure to supplement the record after notice by the court may be held against the party at fault.”) We find that because appellants continue to assert that the record is complete for appellate review (and, as the initial brief has not yet been filed, we are unable to contradict that assertion), appellee’s proper remedy is to argue for affirmance in the answer brief on the basis of Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979) and Clayton v. Clayton, 442 So.2d 310 (Fla. 1st DCA 1983).
Appellants’ suggestion that we look to other files to supplement ⅛¾ record is not well-taken and is at odds with the express practices of the court, see Gulf Coast Home Health Services, Inc. v. Department of Health and Rehabilitative Services, 503 So.2d 415 (Fla. 1st DCA 1987). Moreover, the file in BI-401 has been closed for a full year and the record has been returned, see Rule 2.040(b)(5), Florida Rules of Judicial Administration. As for Case No. BT-187, *1152 appellants have failed to explain what relationship, if any, that appeal and the record therein have to the instant, appeal. If all or some of the record in BT-187 should be considered in disposing of this appeal, appellants must either see that copies of the relevant documents are made a part of this record or, in the alternative, move to consolidate the appeals for purposes of the record.[1]
Motion denied.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.

. After this court’s consideration of appellee's motion and preparation of this opinion, appellants moved for consolidation of this case with BT-187. Appellants offer to serve a single brief in the two appeals and the motion represents that appellee has no objection. Accordingly, the motion to consolidate is granted and the briefs of the parties may refer to and rely on both records in the consolidated cases.