## FOWLER ENTERPRISES, INC. d/b/a/ THE OIL DEPOT v TOMLINSON

Case No. 88-49-AP

Fourth Judicial Circuit, Duval County

May 4, 1989

### APPEARANCES OF COUNSEL

**Ronald Cohen,** for appellant.

**W. Gregg McCaulie,** for appellee.

### OPINION OF THE COURT

PETER L. DEARING, Circuit Judge.

The Court has before it an appeal from the County Court in which an action was filed by the Appellee against the Appellant for damages to Appellee's vehicle. Appellant was hired by Appellee to perform mechanical maintenance on the vehicle and allegedly did so in a manner that caused the vehicle to overheat in use, thereby destroying

all or a part of the engine and/or transmission. Unfortunately for the resolution of this appeal, there is no transcript of the trial below, nor is there a stipulation of the evidence. Each party has filed its own statement of the evidence, which statements are in conflict.

The real issue in this appeal relates to the weight and credibility which should have been given by the trial court to the testimony of the vehicle's owner as to the diminution in value of that vehicle as a result of the negligence complained of. Appellant suggests that the more persuasive evidence as to the Appellee's damages should have been the estimated cost of repair to the vehicle, while the Appellee suggests that the more persuasive measure of damages should have been the difference in value of the vehicle before and after the incident complained of, which difference in value was allegedly established by the owner's testimony.

Even in the normal case where there is a record of the trial proceedings, the weight to be given testimony and the credibility of witnesses is a matter almost exclusively within the province of the trier of fact. Where there is no record of the trial testimony challenged on appeal, this Court sitting in appellate review of the decision of the trial court cannot say that the trial court was in error in its decision based on the testimony presented to it when that testimony has not been preserved on appeal.

The matter arrives in the appellate court with the presumption of the validity of the judgment below. *Clayton v Clayton*, 442 So.2d 310 (Fla. 1st DCA 1984). This Court, sitting in appellate review, will not retry the case from the County Court by substituting its judgment for the judgment of the trial judge as to the credibility of the owner's testimony of value or the weight to be given to that evidence as compared to other evidence in the case.

Accordingly, this Court holds that the Appellant has failed in its burden of demonstrating error in the decision of the trial court. *Clayton*, supra; *Glace & Radcliffe, Inc. v City of Live Oak*, 471 So.2d 144 (Fla. 1st DCA 1985). The judgment of the County Court is therefore

AFFIRMED.

DONE AND ORDERED in Chambers at Jacksonville, Florida, the 4th day of May, 1989.