ON APPELLEE’S MOTION TO COMPEL
PER CURIAM.
Patricia Hines appeals her conviction and sentence for trafficking in cocaine in an amount in excess of 400 grams. Before her trial she moved in limine for the exclusion of certain evidence, a playing card found on the seat of her car which contained trace amounts of the drug. The motion was denied and the matter proceeded to trial but, for reasons that are not pertinent here, a mistrial was declared. The state sought to try Hines again and immediately before the second trial was to commence, the following dialogue took place.
MR. SPEILLER [defense counsel]: Judge, just a couple of matters before we bring the jury in. At first I am going to renew my motion in limine regarding the additional small amount of cocaine that was found, the trace amount on the playing card ..;
THE COURT: You have argued it and I have denied it. They remain the same.
The second trial resulted in appellant’s conviction.
In her initial brief, appellant has argued that denial of the motion in limine was reversible error. The state points to the absence of a hearing transcript for the motion in limine and has moved this court to compel appellant to supply it as a supplemental record. Appellant has responded in opposition to the motion, contending that there is a sufficient record to support appellant’s position in her brief, and that issues decided at an earlier trial which resulted in a mistrial are not proper grounds for a record in the instant case.
We disagree with appellant’s view that the transcript of the hearing conducted before the mistrial cannot properly be included in this record. Where, as here, the *1095 parties and the court clearly intended to incorporate the earlier proceedings into the record then being made, the earlier proceeding can be a part of this appellate record. We agree, however, that appellant can rely on the record as it now stands. While the ultimate concern of the appellate court is to decide the case on the merits, see Rule 9.200(f)(2), Florida Rules of Appellate Procedure, we do not intend to “lead[ ] the parties by the hand in an attempt to get an adequate record.” Kauffmann v. Baker, 392 So.2d 13, 15 (Fla. 4th DCA 1980).
Accordingly, we deny appellee’s motion to compel supplementation of the record on appeal. In our view, appellee has at least three possible courses open to it. It may argue in the answer brief that the appellant has failed to supply this court with a sufficient record to justify reversal of the trial court’s ruling, Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979); Baron Transport v. Riley, 510 So.2d 1150 (Fla. 1st DCA 1987). Alternatively, appellee may seek to have the hearing transcript prepared and ask permission of this court to have a supplemental record transmitted. Finally, appellee may choose to argue the merits of the issue based upon the record now before the court. The selection of one or more of these or other strategies in this or any similar case is, of course, left to the discretion of counsel for appellee. We do not find, however, that we have authority to compel appellant to supply the court with a supplemental record when she insists it is unnecessary, and we therefore deny appellee’s motion.
SHIVERS, C.J., and WENTWORTH and WIGGINTON, JJ., concur.