POLEN, Judge,
concurring specially.
Nankumar Cyril, the former husband, has appealed an order of the trial court granting the former wife’s petition for modification as to “custody” of the parties’ now thirteen year old daughter. The parties were originally divorced in New York in 1979, with an agreement that the husband would have permanent custody of the child. However, within months of the final decree, the former wife unilaterally removed the child from New York, first to Miami and ultimately to Peru, where they resided until 1989. While the former husband pursued what meager legal recourse was available to him in the State of New York, including contempt and kidnapping charges, he was unable to secure the return of the minor child and enforcement of his custodial rights.
For some reason the wife returned to the United States in 1989, and began communicating with the former husband in an attempt to reach some agreement as to custody and visitation. Failing these attempts, litigation ensued, and an agreement was entered into in January 1990 whereby the former husband was again to have permanent custody of the child. The former wife’s petition for modification of custody was initiated in Palm Beach County, Florida, some five months later.
Reluctantly, I must join with the majority in affirming the trial court’s granting of modification, and ordering that “permanent custody” be given to the former wife. This result is dictated, as much as anything, by the failure of the appellant to provide us a transcript of the instant proceedings below, from which we could determine whether or not the record supports the trial court’s order. Stack v. Lareau, 433 So.2d 66 (Fla. 4th DCA 1983).
But for the absence of a transcript, I would be inclined to lean towards reversal on points 2(B) and 2(D) raised by the appellant. These points are:
2(B). The stipulation and New York order constituted a waiver of modification as to all facts which were known, anticipated and bargained for.
2(D). Wrongful conduct of appellee.
Notwithstanding the trial court’s conscientious effort to focus on the best interest of the child, and properly take into consideration her wishes, the result is that the former husband has been the victim of a great injustice and the former wife has benefitted by her wrongful conduct. One must ask, where the child’s present living arrangements, notwithstanding being in her “best interests,” and her parental preference, is a direct result of the mother’s wrongdoing, is another solution more appropriate? The question here becomes rhetorical, as is pointed out above, because we have no record basis to say the trial court erred. In another case, however, the parental rights of the father, supposedly raised to a status of equality by the 1982 amendments to chapter 61, might be given *1158 stronger consideration vis-a-vis what is in the “best-interests” of the child.