# Third District Court of Appeal

## State of Florida

Opinion filed May 8, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-0130
Lower Tribunal Nos. 16-2762 and 17-4830
_____

**Ihosvanny Albear,**
Appellant,

vs.

**Louis M. Hillman-Waller,**
**as Curator of the Estate of Roberto Albear,**
**Adriana Ulloa, and Royal Park Enterprises, LLC,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Andrew M. Kassier, P.A., and Andrew M. Kassier, for appellant.

Armas Bertran Pieri, and J. Alfredo Armas, for appellee Adriana Ulloa.

Before SALTER, LINDSEY, and HENDON, JJ.

*ON MOTION TO DISMISS*

PER CURIAM.

Ihosvanny Albear appeals a final judgment entered following a bench trial. Appellees move to dismiss on the basis that, because there is no transcript of the trial below, Albear cannot meet his burden to show error. We agree and affirm because the 15-page final judgment contains numerous factual findings and there is no record of the trial.[1] See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."); see also Cudeiro v. Dep't of Revenue ex rel. Fritz, 99 So. 3d 520, 520 (Fla. 3d DCA 2011) (explaining Starks v. Starks, 423 So. 2d 452, 453-54 (Fla. 1st DCA 1982) as follows: "without a transcript of the hearing, the appellate court is unable to ascertain whether the lower court erred; noting that '[t]he appellant retains the burden of overcoming the presumption of correctness attributed to a trial court's final judgment. Appellant's burden includes a demonstration of

---

[1] Appellees allege in their motion to dismiss that the parties agreed to try the case without a court reporter "hoping for finality."

2

error from the *record*, which he must supply'" (quoting <u>Kauffmann v. Baker</u>, 392 So. 2d 13, 15 (Fla. 4th DCA 1980))).

Affirmed.