**In re the MARRIAGE OF Anne T. OLMO, Appellee,**

**and**

**John Olmo, Appellant.**

**No. 83CA0529.**

Colorado Court of Appeals,
Div. III.

May 31, 1984.

As Modified on Denial of Rehearing
March 28, 1985.

Certiorari Denied June 24, 1985.

Kelly, Hagland, Garnsey & Kahn, Terre Lee Rushton, Denver, for appellee.

Malman & Malman, P.C., Robert L. Malman, Denver, for appellant.

METZGER, Judge.

In this dissolution of marriage action, John Olmo (father) appeals the Denver trial court's custody award of the parties' daughter to Anne L. Olmo (mother), notwithstanding the existence of custody orders in New York. Although we conclude certain of the trial court's actions were not proper, no reversible error occurred, and thus, we affirm.

The facts are not in dispute. Father and mother were married in New York and their daughter, who is the center of this dispute, was born there on October 13, 1979. On April 19, 1982, mother moved to Denver with Vanessa. Father instituted an action in the nature of a writ of habeas corpus in New York and an action for separation requesting custody of Vanessa in the New York courts on June 23, 1982.

On the morning of July 19, 1982, mother filed a petition for dissolution of marriage in Denver, seeking custody of Vanessa. She was served with a copy of the New York writ of habeas corpus that same afternoon.

On October 5, 1982, father obtained an *ex parte* order granting him custody of Vanessa in New York pursuant to his separation action. Three days later mother sought an order to show cause to set aside that determination, alleging that she had not received service of process in the separation action. After hearing, the New York court stayed its custody order on October 18, 1982.

In the meantime, father was personally served in New York on December 6, 1982, with the summons and petition concerning mother's dissolution action in Denver. On March 23, 1983, the Denver court conducted a permanent orders hearing. At that hearing, father's counsel appeared and filed father's only pleading in this action, a

motion to stay proceedings until final determination of the New York separation action. After argument of counsel, the trial court denied father's motion, and, after hearing, entered a decree of dissolution of marriage which awarded custody of Vanessa to mother.

The record before us indicates that father failed to pursue his habeas corpus action. And, after an evidentiary hearing on April 12, 1983, the New York court dismissed the separation action, finding that the lack of service of process on mother deprived it of jurisdiction.

On appeal, father contends (1) that the trial court erred in denying his motion for stay, and (2) that the Denver court had no jurisdiction over the custody issue since an action regarding custody was pending in New York.

■ We agree with father's contention that the trial court erred in failing to stay the proceedings when it became aware of the pending custody action in New York.

The Uniform Child Custody Jurisdiction Act, § 14-13-101, et seq., C.R.S., is applicable to the situation presented here. Under the act, once a trial court is informed of an action pending in another state concerning child custody, § 14-13-107(3), C.R.S., requires that it stay its proceedings and communicate with that court. The existence or non-existence of orders in the other state is not a factor critical to invocation of § 14-13-107, C.R.S.; rather, communication between courts of different states is required if "proceedings are pending." *See McCarron v. District Court*, 671 P.2d 953 (Colo. 1983).

Relying on *In re Petition of Edilson*, 637 P.2d 362 (Colo.1981), mother argues that the trial court here was not required to communicate with the New York court. However, the facts in *Edilson* are quite different from those in this case. In *Edilson*, the trial court declined jurisdiction under § 14-13-114 and § 14-13-107(1), C.R.S., because a California court had entered a custody order, including a determination that it had the requisite jurisdiction.

Holding that communication between the California and Colorado courts pursuant to § 14-13-107, C.R.S., was unnecessary, our Supreme Court stated: "The requirement for communication with the other court would be appropriate if the trial court was unsure of whether to accept jurisdiction and was seeking information as to the most appropriate forum."

Here, the trial court was aware that the validity of the New York custody order was being challenged on jurisdictional grounds. That information raised an uncertainty not present in *Edilson*, since jurisdiction is a threshold issue in any proceeding. As well, the court here assumed jurisdiction of the action, whereas the court in *Edilson* declined jurisdiction.

Since the trial court failed either to stay its proceedings or to communicate with the New York court concerning the jurisdictional issue, error occurred. If the public policy of this state, as evidenced by the General Assembly's declarations in § 14-13-102, C.R.S., is to be given any validity, free and open communication of our courts with those of other states in custody matters is essential. Otherwise, as our Supreme Court noted in *Wheeler v. District Court*, 186 Colo. 218, 526 P.2d 658 (1974), parties will continue to engage in "jurisdictional fishing with children as bait." *See* Bodenheimer, *The Uniform Child Custody Jurisdiction Act: A Legislative Remedy for Children Caught in the Conflict of Laws, Vand.L.Rev.* 1207 (1969).

■ However, the trial court's inaction here did not constitute reversible error. C.R.C.P. 3 provides that a civil action is commenced by filing a complaint (petition) *or* by service of a summons. The laws of New York provide that an action is commenced only upon service of a summons. *New York Civil Practice Law & Rules*, § 304; *New York Domestic Relations Law;* § 232. The Colorado dissolution action was commenced prior to the New York action, since mother filed her action here several hours prior to being served with process in the New York action. Thus, the

only state which had jurisdiction of the custody issue was Colorado.

The judgment is affirmed.

VAN CISE and STERNBERG, JJ., concur.