In re the Matter of Sean LYNCH, Petitioner–Appellant,

v.

Diana LYNCH, Respondent–Appellee.

No. 87CA1668.

Colorado Court of Appeals, Div. II.

Feb. 2, 1989.

Edward Shindel, Idaho Springs, for petitioner-appellant.

Richard A. St. Denis, Breckenridge, for respondent-appellee.

SMITH, Judge.

In this case, the father, Sean G. Lynch, appeals an order entered by the trial court pursuant to the Uniform Child Custody Jurisdiction Act (U.C.C.J.A.), § 14–13–101, et seq. C.R.S. (1987 Repl.Vol. 6B), finding that the Colorado court lacked jurisdiction to determine the custody of the minor child and, alternatively, declining to exercise jurisdiction over the matter. We reverse.

The parties were married on May 24, 1980, and their child was born August 10, 1980, in Colorado. After a time the parties moved to Key West, Florida. However, in December of 1983 father and the child returned to Colorado. In the summer of 1985, they returned to Florida for a period of time. Father testified that the purpose of the child's trip to Florida was to "visit" mother.

On June 20, 1985, a petition for dissolution of marriage was filed in Florida by mother. She alleged that she had "resided" in Florida for more than six months, and that father and the child were present in Florida at the time of filing. The following month the Florida court issued a temporary restraining order forbidding father from removing the child from the county. However, that order was not served on father because he had already returned to Colorado with the child.

On March 24, 1986, the Florida court conducted an evidentiary hearing, at which father participated, *pro se*. It entered a dissolution decree but it reserved the question of child custody until it could obtain custody evaluations from Colorado and Florida child welfare authorities.

In December of 1986, father, still *pro se*, filed an objection to the assumption of custody jurisdiction by the Florida courts on the grounds that Florida was an inconvenient forum, and was not the home state of the child.

On January 8, 1987, the Florida court awarded custody to mother. In its order, the court stated that it had jurisdiction over the matter of custody. However, it made no findings with respect to the basis of that jurisdiction, other than reiterating mother's allegations at the time of filing and service of the petition for dissolution that no action for custody or dissolution was pending in any other jurisdiction.

On January 9, 1987, father, through counsel, filed in Colorado a petition for custody, or modification of custody, pursuant to the U.C.C.J.A.

On October 29, 1987, the Colorado court entered an order dismissing father's motion for custody. It found that the Florida court had jurisdiction to determine the child's custody, but also failed to make findings with respect to the basis of that jurisdiction. Because the Florida court had entered a final order, and father failed to raise in Colorado the issue of the Florida court's lack of jurisdiction between June 20, 1985, and January 8, 1987, the Colorado court concluded that, although there was evidence that the child resided in Colorado for six months prior to the commencement of the action here, as well as the action in Florida, it had no jurisdiction to determine the child's custody. In the alternative, it declined to exercise any jurisdiction it might have.

In arriving at its conclusion that it was without jurisdiction, the court reasoned that, regardless of its having "home state"

jurisdiction under § 14–13–104(1)(a), C.R.S. (1987 Repl.Vol. 6B), and father's assertion that the best interests of the child would be served by exercise of such jurisdiction, it was required under § 14–13–104(1)(d), C.R.S. (1987 Repl.Vol. 6B) to ascertain that no other state had jurisdiction. Thus, since it found that Florida had continuing jurisdiction from the time of the filing of a petition in June 1985, the court determined it therefore had no jurisdiction.

In this appeal of the Colorado court's order, father contends that the Colorado court was the proper forum for the determination of custody both at the time the dissolution petition was filed in Florida and at the time he filed his motion in Colorado. We conclude that the matter must be remanded for proper disposition of the jurisdictional issue.

In deciding whether a trial court erroneously dismissed a case because of lack of jurisdiction, we must ascertain whether jurisdiction exists in Colorado and, if so, whether the trial court should exercise that jurisdiction. *Bakke v. District Court,* 719 P.2d 313 (Colo.1986). Jurisdiction in child custody cases is governed by § 14–13–104(1), C.R.S. (1987 Repl.Vol. 6B) of the U.C.C.J.A. That statutory subsection prescribes several alternate bases for jurisdiction. Those relevant here are:

> "(a) This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding, and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
>
> "(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this

state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships...."

■ In light of the undisputed facts concerning the residence of the child, we conclude as a matter of law that the Colorado court had jurisdiction pursuant to § 14–13–104(1)(a), at the time father commenced his action here. The court was thus obligated to proceed with the second step of the analysis to determine whether its jurisdiction was exclusive or non-exclusive and, if non-exclusive, whether or not it should defer to Florida's jurisdiction. *See Bakke v. District Court, supra.*

If two states can exercise jurisdiction, the U.C.C.J.A. establishes the general rule that exclusive jurisdiction is conferred on the court in which the matter is first raised, *In re Petition of Edilson,* 637 P.2d 362 (Colo.1981); however, the U.C.C.J.A. also contains a number of limitations on the exercise of jurisdiction under its provisions. *See* §§ 14–13–107(1) and 14–13–114(1), C.R.S. (1987 Repl.Vol. 6B).

■ A court is only prohibited from exercising jurisdiction if, at the time of filing the petition, a proceeding is pending in another state which is "exercising jurisdiction substantially in conformity with this article." Similarly, the courts of this state are required to recognize and enforce a decree of a court of another state only if such court "had assumed jurisdiction under statutory provisions substantially in accordance with this article or which was made under factual circumstances meeting the jurisdictional standards of the article." Section 14–13–114, C.R.S. (1987 Repl.Vol. 6B). A court may not modify an order of another state unless the court has jurisdiction and the other state no longer has jurisdiction "under jurisdictional prerequisites substantially in accordance with this article or has declined to assume such jurisdiction." Section 14–13–115(1), C.R.S. (1987 Repl.Vol. 6B).

■ Thus, Colorado trial courts are free to determine whether the other court's pro-

ceedings are substantially in conformity with the U.C.C.J.A., *Bakke v. District Court, supra,* and indeed must do so if the issue is raised.

A mere conclusory ruling by a foreign court that it has jurisdiction is not binding on the Colorado court under the U.C.C.J.A. Although a trial court need not communicate with the other court unless it is unsure of whether to accept jurisdiction, *In re Pet. of Edilson, supra,* the court should seek information as to the most appropriate forum by communicating with the other court in a situation where, as here, it was aware that the validity of the Florida order was jurisdictionally challenged. *See In re Marriage of Olmo,* 701 P.2d 866 (Colo.App.1984).

Other than the court's finding that there was no other proceeding pending, the Florida order does not indicate the basis for its jurisdiction under the U.C.C.J.A. Mother argues that the Florida court had jurisdiction under the applicable provision of its version of the Uniform Child Custody Jurisdiction Act, *Fla.Stat.* § 61.1302, et seq. (1985), which, in *Fla.Stat.* § 61.1308(1)(b) (1985), provides for "significant connection" jurisdiction.

Here, the record on appeal is insufficient for us to determine if Florida simultaneously had "significant connection" jurisdiction. Moreover, it does not appear that "emergency" jurisdiction existed merely by virtue of mother's allegation that father's home lacked electricity or running water and was heated with a wood stove which was also used for cooking. *See Brock v. District Court,* 620 P.2d 11 (Colo.1980). Therefore, the trial court abused its discretion when it declined jurisdiction merely because the Florida court stated that it had jurisdiction since no other action involving the child was pending elsewhere. *See Bakke v. District Court, supra.*

This case, thus, must be remanded to the trial court for a determination whether, at the time it entered its custody order, the Florida court was exercising jurisdiction substantially in conformity with the U.C.C.J.A. We leave it to the discretion of the trial court to determine whether it is necessary to take additional evidence on the matter. *See Barden v. Blau,* 712 P.2d 481 (Colo.1986). At a minimum, the court must enter findings in this regard.

If the court finds that Florida did not exercise jurisdiction substantially in conformity with the U.C.C.J.A., it must reinstate father's motion. If, on the other hand, the court finds that Florida did exercise jurisdiction substantially in conformity with the U.C.C.J.A., it must then proceed to the second step of determining through communication with that court, whether Colorado still is the state with the closest connection to the child and her family. *See McCarron v. District Court,* 671 P.2d 953 (Colo.1983).

While forum shopping is to be discouraged, the court must still determine whether exercising its jurisdiction is in the best interests of the child and is just and proper under the circumstances, bearing in mind the purposes of the U.C.C.J.A. and the preference for home state jurisdiction. *See Bakke v. District Court, supra;* §§ 14–13–107(3) and 14–13–108, C.R.S. (1987 Repl. Vol. 6B).

Again, the court must enter specific findings regarding each aspect of the jurisdictional analysis so that proper appellate review may follow, if necessary.

The judgment of the trial court is reversed and the cause is remanded to the trial court with directions to proceed in accordance with this opinion.

REED and ENOCH *, JJ., concur.

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).