**In re the Marriage of Houshang S. NAZAR, Petitioner, Appellant,**

v.

**Carol K. NAZAR, Respondent.**

No. C0-90-2669.

Court of Appeals of Minnesota.

Aug. 20, 1991.

Review Denied Oct. 16, 1991.

Barry Lazarus, Anne Meredith–Will, O'Connor & Hannan, Minneapolis, for appellant.

Philip K. Arzt, Kathleen Worner Kissoon Law Office, Bloomington, for respondent.

Considered and decided by LANSING, P.J., and DAVIES and SCHULTZ,* JJ.

OPINION

DAVIES, Judge.

Appellant Houshang S. Nazar and respondent Carol K. Nazar married in Louisiana. In 1988 they moved to Minnesota. On or about June 1, 1990, respondent and the children left Minnesota for Louisiana. A week later respondent initiated a dissolution action in that state. After appellant

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

received the Louisiana dissolution pleadings, he filed a separate dissolution action in Minnesota, challenging the Louisiana court's jurisdiction over child custody. The Louisiana district court then conducted an ex parte hearing, invoked emergency jurisdiction over the parties' children, and awarded custody of the children to respondent. In late September 1990, a Minnesota referee denied appellant's motion for relief. The trial court affirmed the referee's ruling. We reverse and remand.

## FACTS

The parties were married in Louisiana, but subsequently moved to Minnesota. During May 1990, respondent's parents came to Minnesota for her brother's marriage ceremony. A second ceremony was planned for Louisiana during the first week in June. Respondent and children were to attend and appellant was to join respondent and the children in Louisiana a week later for a vacation. When respondent arrived in Louisiana she immediately filed for legal separation, asking for temporary, and ultimately permanent, custody of the children, as well as appointment of a curator ad hoc for appellant. As the basis for emergency jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), respondent's petition included allegations that appellant abused respondent and the children verbally, psychologically, and physically. The Louisiana trial court granted respondent's requests in an ex parte order filed June 8, 1990. The order awarded

temporary custody of the two minor children * * * to [respondent] during the pendency of this suit and permanently thereafter with [appellant] having restricted reasonable visitation * * *.

The order also set a hearing date of July 24, 1990.

On June 18, 1990, appellant received respondent's dissolution pleadings and the ex parte order. He did not, however, travel to Louisiana, contact the curator ad hoc appointed on his behalf, or make any special appearance in the Louisiana court. Instead, on July 20, appellant initiated a separate dissolution action in Minnesota and served respondent with the pleadings in his action. At the July 24 Louisiana hearing, the Louisiana trial court took emergency jurisdiction of the case. The Louisiana trial court then issued a "judgment on rules" and an order, neither of which mentioned the Minnesota dissolution action, but which awarded custody of the children to respondent. Subsequently, the referee in the Minnesota dissolution action refused to exercise jurisdiction over the custody dispute, noting that a custody proceeding involving the children was pending in Louisiana. Despite appellant's allegations that the Louisiana trial court's exercise of jurisdiction was improper, the Minnesota trial court affirmed the referee's ruling, noting that appellant had not provided any Louisiana authority to support his position.

## ISSUE

Should the Minnesota court decide the question of whether the facts supported the Louisiana assumption of emergency jurisdiction over this custody dispute?

## ANALYSIS

Both Minnesota and Louisiana have adopted the UCCJA. *See* Minn.Stat. §§ 518A.01–.25 (1990); La.Rev.Stat.Ann. §§ 13:1700–:1724 (West 1990). Under the UCCJA, "emergency jurisdiction" may be exercised when

the child is physically present in [the] state and * * * it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse * * *.

Minn.Stat. § 518A.03, subd. 1(c)(2) (1990); *see also* La.Rev.Stat.Ann. § 13:1702(A)(3)(ii) (West 1990). Here, respondent's petition for legal separation alleges that appellant verbally, psychologically, and physically abused the children and that they were in "immediate present, danger of further abuse."

■ Regarding application of the UCCJA in Minnesota:

[A] three-step approach is employed. First, the court must look to section three of the Act to determine whether [Minnesota], in fact, does have jurisdic-

tion. If [the trial court] determines it does, its inquiry next focuses on whether another custody proceeding is pending in a court of another state *which likewise has jurisdiction* pursuant to the provisions of section three of the Act. Finally, if dual jurisdiction exists, the inconvenient forum issue must be addressed. *In re Marriage of Schmidt*, 436 N.W.2d 99, 104 (Minn.1989) (emphasis added). In this case it is uncontested that Minnesota, as the children's "home state," has jurisdiction in this matter. *See* Minn.Stat. § 518A.03, subd. 1(a)(1) (1990); Minn.Stat. § 518A.02(e) (1990). Further, it is not disputed that prior to appellant's initiation of his Minnesota action, respondent had initiated a custody action in Louisiana and that jurisdiction may be .exercised by a non-home state court in emergency situations. *See* Minn.Stat. § 518A.03, subd. 1(c)(2) (1990). Here, the Minnesota trial court accepted as conclusive the Louisiana trial court's uncontested exercise of emergency jurisdiction.

Minnesota has not directly addressed whether a party may collaterally attack in a Minnesota court a foreign court's jurisdictional determination under the UCCJA. In general, however, allowing a jurisdictional attack on a foreign court's previously uncontested jurisdictional determination is consistent with Minnesota case law:

> If the defendant does not appear in the foreign proceedings and does not litigate the issue of personal jurisdiction, the foreign judgment does not have res judicata effect on that issue.

*Corsica Cheese, Inc. v. Roers Enterprises*, 389 N.W.2d 751, 753 (Minn.App.1986). Further, foreign authority under the UCCJA suggests a similar result. *See Davis v. Davis*, 53 N.C.App. 531, 539–40, 281 S.E.2d 411, 416 (1981) ("When, as here, there is an action already pending in another state, the trial court must answer the threshold question of whether the state was '*exercising jurisdiction substantially in conformity with [the UCCJA].*' ") (emphasis in original); *see also Lynch v. Lynch*, 770 P.2d 1383, 1385–86 (Colo.App. 1989) ("Colorado trial courts are free to determine whether the other court's proceedings are substantially in conformity with the UCCJA, and indeed must do so if the issue is raised." (citation omitted)).[1]

UCCJA jurisdiction is not exercised

> if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction *substantially in conformity* with [the UCCJA], unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.

Minn.Stat. § 518A.06, subd. 1 (1990) (emphasis added). Here, the Minnesota trial court declared that the Louisiana proceeding was "substantially in conformity with the subject matter jurisdiction provisions of the UCCJA" and refused to exercise home state jurisdiction. Appellant argues that it was error for the trial court to accept the validity of the Louisiana court's exercise of jurisdiction without giving appellant a day in court on the issue. We agree.

Because Minnesota is the childrens' home state and no abuse is alleged to have occurred in Louisiana, the question of whether exercise of emergency jurisdiction by the Louisiana trial court was in "substantial conformity with the UCCJA" is appropriately decided in Minnesota. If no foreign proceeding substantially in conformity with the UCCJA is pending, the prohibition against exercise of jurisdiction of Minn.Stat. § 518A.06, subd. 1, does not apply and the Minnesota trial court should exercise its jurisdiction. This conclusion is

---

**1.** Federal pre-emption of the Minnesota and/or Louisiana application of the UCCJA is not an issue in this case because the relevant "emergency" jurisdictional provisions of the UCCJA and of the Parental Kidnapping Prevention Act of 1980 (PKPA), *see* 28 U.S.C.A. § 1738A (West 1990), are essentially the same. *Compare* 28 U.S.C.A. § 1738A(c)(2)(C)(ii) (West 1990) *with* UCCJA § 3(a)(3)(ii). *See Martinez v. Reed*, 623 F.Supp. 1050, 1054 (E.D.La.1985) ("To the extent that the [PKPA] differs from the UCCJA, the difference must be determined in favor of the federal version, for it prevails in the event of [a] conflict * * *".), *aff'd* 783 F.2d 1061 (5th Cir. 1986).

not inconsistent with Minnesota case law. *Cf. Schoeberlein v. Rohlfing,* 383 N.W.2d 386, 389–90 (Minn.App.1986).

According to the UCCJA, one of its purposes is to "deter abductions and other unilateral removals of children undertaken to obtain custody awards." UCCJA § 1(a)(5); *see* Minn.Stat. § 518A.01, subd. 1(b) (1990); La.Rev.Stat.Ann. § 13:1700(A)(5) (West 1990). Respondent's affidavit states:

> A family visit in May, 1990, provided me the opportunity * * * to safely escape from the Petitioner's influence and dominion. * * *
>
> Because of the circumstances, your affiant believed that it was necessary to take these actions to protect me and the children. It has long been my wish to return [to Louisiana] before the children start school. * * *

This affidavit suggests the possibility that respondent took the children out of the state under false pretenses and kept them there without appellant's permission. Such circumstances suggest the unilateral removal which the UCCJA was designed to prevent. Thus, we conclude that our resolution of this case is consistent with one of the fundamental policies of the UCCJA.[2]

## DECISION

Because appellant is not subject to the jurisdiction of the Louisiana court and has not submitted to that jurisdiction, he has a right to be heard in Minnesota on the question of whether the Louisiana court properly exercised emergency jurisdiction. The Louisiana trial court's exercise of jurisdiction in this case was not determined in a contested proceeding and may not have been in substantial conformity with the UCCJA. Therefore, the Minnesota trial court has jurisdiction to test the legitimacy of the alleged "emergency jurisdiction" in Louisiana.

Reversed and remanded.

---

**2.** It is of special interest that allowing the Minnesota challenge to jurisdiction is consistent with Louisiana's application of the UCCJA. In *Dillon v. Medellin,* 409 So.2d 570 (La.1982), a father who was a Texas resident, alleging abuse by a custodial mother who was a Louisiana resident, initiated an action in Texas and refused to return the child to Louisiana. The mother challenged the jurisdiction of the Texas court and initiated a separate action in Louisiana. Addressing the emergency jurisdiction provision of the UCCJA, the Louisiana Supreme Court stated:

> We construe this emergency provision as permitting a state, otherwise without jurisdiction over a visiting child or her nonresident mother, to take jurisdiction in a custody matter only if the *immediate* needs of the child require it because the child has been abandoned or otherwise mistreated * * *. The statute contemplates that *conditions in the asylum state* and the immediacy of those conditions will provide both necessity and the justification for the asylum state's assuming jurisdiction over a custody matter not otherwise within its province.

*Dillon,* 409 So.2d 570, 575 (La.1982) (emphasis in original). *Dillon* continued:

> We do *not* construe [emergency provision] to mean that a child visiting an asylum state may be found to be in an emergency state of mistreatment * * * because of allegations concerning conditions purportedly existing in the home state, conditions *more appropriately and conveniently subject to the scrutiny of the courts of the domicile state.*

*Id.* (emphasis added).